UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

vs. CRIMINAL ACTION NO. 3:16CR33-DJH

LOUIS CHARLTON DEFENDANT

*- Filed Electronically -*

**UNITED STATES' TRIAL MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and submits the following trial memorandum:

A federal grand jury sitting in Louisville, Kentucky, returned a four-count Indictment against Louis Charlton. Count 1 charged Charlton with possessing with the intent to distribute cocaine.[1] Count 2 charged Charlton with distribution of cocaine.[2] Count 3 charged him with carrying a firearm during and in relation to a drug trafficking crime. Another firearm charge is set out in Count 4, concerning Charlton's possession of a firearm (two are identified) after having been previously convicted of a felony offense.

I. Statutes Involved and Elements

A. **Statutes –** 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), 924(e); 924(e); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

B. **Elements –**

1. **Count 1** - Possession w/ intent to distribute cocaine (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). The essential elements for the crime charged in the above-referenced count are as

[1] The controlled substances were previously submitted for laboratory analysis and tested positive for cocaine. The controlled substances have been re-submitted to test for cocaine base.
[2] *Id.*

follows:

(1) That the defendant knowingly or intentionally possessed cocaine; and
(2) That the defendant possessed the cocaine with the intent to distribute it.

Sixth Circuit Pattern Jury Instructions 14.01, (2015).

2. **Count 2** –Distribution of cocaine (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). The essential elements for the crime charged in the above-referenced count are as follows:

(1) That the defendant knowingly or intentionally distributed cocaine; and
(2) That the defendant knew at the time of distribution that the substance was a controlled substance.

Sixth Circuit Pattern Jury Instructions 14.02, (2015).

3. **Count 3 –** Carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. §§ 924(c)(1)(A)). The essential elements for the crime charged in Count 3 of the Indictment include:

(1) That the defendant committed the crime charged in Count 1 or 2. Possession with the intent to distribute a controlled substance and trafficking in a controlled substance are drug trafficking crimes which may be prosecuted in a court of the United States;
(2) That the defendant knowingly carried a firearm, that is, a Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol bearing serial number XS561475; and
(3) That the carrying of the firearm was during and in relation to the crimes charged in Count 1 or 2.

Sixth Circuit Criminal Pattern Jury Instructions 12.02, (2015).

4. **Count 4** - Felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)). The essential elements for the crime charged in Count 4 of the Indictment include:

(1) That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year;
(2) That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment; and
(3) That the specified firearm crossed a state line prior to the alleged possession. It is

> sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Sixth Circuit Criminal Pattern Jury Instructions 12.01, (2015).

4. **Forfeiture** (18 U.S.C. § 924(d) and 28 U.S.C. § 2461). The United States previously filed a notice of administrative forfeiture pertaining to items seized in connection with this investigation and prosecution. Therefore, no additional litigation concerning forfeiture are necessary.

## II. Undisputed and Disputed Facts

The United States believes the following facts to be true and undisputed. Charlton, however, persists in his pleas of not guilty and, therefore, presumably contests some aspect(s) of the facts outlined below. The specific contested facts are not known to the United States.

On or about November 16, 2015, a Louisville Metro Police Department (LMPD) Confidential Informant (CI) informed Detective Hannah Carroll of the LMPD Mobile 9th Unit that Charlton was a narcotics supplier from whom the CI had been buying cocaine for the last two years. The CI also advised that Charlton had been observed to be in possession of a firearm. That same day, law enforcement officials utilized the CI to conduct a controlled purchase of approximately one ounce of cocaine from Charlton, using ATF Agent Cashier Funds, for the price of $700.00.

LMPD Detectives and ATF Special Agents conducted surveillance of the meet/buy location (Charlton's residence), prior to and during the meet/buy. An NCIC check revealed both Charlton his wife used the address on S. 5th Street in Louisville. LMPD observed two vehicles parked in front of the S. 5th Street residence. Both vehicles were registered to Charlton's wife.

The CI was outfitted with an audio transmitting device so as to capture the transaction with

Charlton.[3] Law enforcement officials conducted a pat down of the CI before and after the buy for contraband. Law enforcement officials drove the CI to the area of Charlton's residence. The CI placed a telephone call to Charlton at cellular telephone number 502-XXX-5170, registered to Charlton's wife.

The CI and Charlton set up the purchase arrangements, including the quantity of crack cocaine. Law enforcement officials watched the CI walk to Charlton's residence where the CI entered through the rear door. The CI completed the transaction of purchasing crack cocaine and returned to the designated meet location. An ATF agent field tested the substance from the controlled purchase. The test reflected a positive result for cocaine.

Law enforcement officials met with the CI after the purchase for evidence collection and information of events. The CI stated the following in summary:

a. Charlton met the CI at the rear door of the residence where the CI had entered;
b. The CI saw Charlton completing the requested cooking of the cocaine in the kitchen;
c. The CI also saw a handgun in Charlton's waistband (described as black and chrome); and
d. The CI paid Charlton $700.00 for the cocaine, left the house and walked to the pre-determined meet location with law enforcement.

Following the controlled purchase on November 16, 2015, law enforcement officials obtained and served a state search warrant, at the S. 5th Street address. LMPD K9 participated in the execution of the warrant. The K9 indicated positive for narcotics while in the residence. Officers found a Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol (black and silver in color) bearing serial number XS561475, located on the floor in the living room next to the coffee table where narcotics and paraphernalia were also discovered. Additionally, officers located a

[3] The device allowed law enforcement officials to monitor the transaction, but did not record the events.

SCCY, Model CPX-2, 9mm semiautomatic pistol (pink in color) bearing serial number 193958, lying on the coffee table in plain view next to the narcotics. Law enforcement officials also discovered assorted ammunition, a holster and magazine, approximately 51.8 grams of suspected crack cocaine, approximately 63.7 grams of suspected marijuana, assorted paraphernalia, assorted surveillance equipment, multiple cellular telephones and ninety six thousand four dollars ($96,004.00) in United States Currency.

Law enforcement officials conducted two interviews of Charlton following the execution of the search warrant (due to lateness of the hour, the interviews spanned November 16 and 17, 2015. They did so after advising him of his *Miranda* rights. Charlton made a number of incriminating statements. He admitted acquiring illegal narcotics and selling to others. Charlton stated that he had purchased the .45 caliber semiautomatic pistol for $300.00.

A few days later, law enforcement officials again met with Charlton – at Charlton's request – while at Louisville Metro Corrections. After being advised of his constitutional rights, and waiving those rights, Charlton provided much of the same information he had given during the first two interviews.

Charlton has three prior felony convictions. Neither the Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol bearing serial number XS561475 nor the SCCY, Model CPX-2, 9mm semiautomatic pistol bearing serial number 193958 was not manufactured in the Commonwealth of Kentucky. Consequently, prior to Charlton's possession of the firearms, they traveled in interstate commerce.

## III. Unresolved Substantive Issues of Law

The substantive offenses charged in the Indictment present no apparent novel legal questions. There is one unresolved substantive issue of law concerning Charlton's motion to

dismiss the Indictment (which includes a request to exclude his post-arrest / post-*Miranda* statements). Consistent with the Court's directions, the United States filed its response to the motion on July 1, 2016.

Charlton's prior experiences with law enforcement and apparent favorable treatment are not a defense to the current charges. A defendant may not offer evidence and testimony for the sole purpose of inviting jury nullification. *See, e.g*., *United States v. Jones*, No. 3:13-CR-89, 2013 WL 5777684, at *2 (E.D. Tenn. Oct. 25, 2013)(barring introduction of video presentation to prevent jury nullification); *United States v. Duval*, 865 F. Supp.2d 803, 808-09 (E.D. Mich. 2012) ("The defendants are not entitled to offer evidence and testimony for the sole purpose of inviting jury nullification."); *United States v. Rabinowitz*, No. 2:11-CR-230, 2012 WL 3150959, at *2 (S.D. Ohio Aug. 2, 2012) ("Of course Defendant cannot introduce his purported health issues in any attempt to obtain jury nullification."). Therefore, the United States will object to any argument, testimony, or presentation of evidence concerning Charlton's prior experiences with law enforcement and the criminal justice system.

## IV. Evidentiary Issues

The United States intends to introduce numerous items seized during execution of the search warrant in this matter. All of the items have been made available to the defense during the discovery phase of this action.

The United States intends to introduce opinion testimony during the trial regarding three areas:

(a) Substances seized (following controlled purchase and in connection with execution of the Search Warrant) tested positive for cocaine[4] – a controlled substance;

[4] *Id*.

(b) The Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol bearing serial number XS561475 and SCCY, Model CPX-2, 9mm semiautomatic pistol bearing serial number 193958 were manufactured in the Commonwealth of Kentucky. Moreover, the weapons are "firearms" as defined under federal law; and

(c) Characteristics distinguishing trafficking in controlled substances as opposed to personal use, such as packaging, weight, and large sums of cash. Handguns are commonly used by individuals engaged in drug trafficking and are considered tools of the trade. *United States v. McCreary-Redd*, 2010 WL 4244124 (6th Cir. (ED TN) Oct. 15, 2010); *United States v. Thomas*, 2004 WL 1153681 (6th Cir. (ED KY) May 21, 2004).

Requisite notice (Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 702, 703, and 705) has been provided to defense counsel. Proposed instructions pertaining to opinion and combined fact/opinion testimony are included in the jury instructions filed contemporaneously with this memorandum.

The United States will seek to admit the controlled substances possessed for distribution as well as the firearms and accompanying ammunition. Consistent with the Court's pretrial Order, these exhibits be held in the custody of the United States rather than being held by the Court Reporter.

The United States must prove, as an element of the offense charged in Count 4 of the Indictment, that Charlton was previously convicted of a felony offense. Counsel for the United States contemplates Charlton exercising his right under *Old Chief* to stipulate to his felony status. The parties will prepare a stipulation regarding this element.

## V. Trial Problems

The United States is unaware of any potential trial problems.

## VI. Proposed Jury Instructions

Proposed substantive jury instructions are being filed simultaneously with this Trial Memorandum.

## VII. Proposed Voir Dire Questions

Proposed voir dire questions are being filed simultaneously with this Trial Memorandum.

## VIII. Exhibit List

The United States intends to introduce the following exhibits during its case-in-chief:

a. Photos pertaining to controlled purchase, search and arrest;
b. Laboratory reports concerning controlled substances;
c. Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol bearing serial number XS561475;
d. SCCY, Model CPX-2, 9mm semiautomatic pistol bearing serial number 193958Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665;
f. Clips and ammunition;
g. Packages of cocaine;
i. Uniform citation;
j. Post-arrest statements (recordings);
k. Kentucky Search Warrant; and
l. Stipulation regarding felony status.

The United State reserves the right to supplement or modify the proposed exhibits, if necessary.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
510 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

## Certificate of Service

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on July 5, 2016.

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney