UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                     PLAINTIFF

vs.                                                   CRIMINAL ACTION NO. 3:16CR33-DJH

LOUIS CHARLTON                                                                DEFENDANT

*- Filed Electronically –*

**UNITED STATES' PROPOSED VOIR DIRE QUESTIONS**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and submits the following proposed *voir dire* questions:

1. Is any member of the panel acquainted, either professionally or socially, with:

    a. The defendant?
    b. The defense attorney?
    c. The case agent?
    d. The Assistant United States Attorney?

2. This case was investigated by the Bureau of Alcohol, Tobacco, Firearms & Explosives and the Louisville Metro Police Department.   Has any member of the panel or any member of your immediate family or close friend/associate had any contact one way or another with any official of any of these agencies?

3. Has any member of the panel or any member of your immediate family or close friend/associate had an unpleasant experience with any federal, state, or local governmental agency that would cause you to be biased against the government?

4. Has any member of the panel or any member of your immediate family or close friend/associate had an unpleasant experience with law enforcement that would cause you to be biased against the government?

5. Has any member of the panel or any member of your immediate family or close friend/associate had an unpleasant experience in court or involving lawyers which would cause you to be biased against either of the parties?

6. Have you or anyone close to you ever been investigated, arrested or convicted of a non-traffic related violation of state or federal law?

7. Have you or anyone in your family or a close friend ever testified in a criminal trial?

8. Have you or anyone in your family or a close friend ever been involved in a suit or other dispute against any government agency, particularly the Bureau of Alcohol, Tobacco, Firearms & Explosives, or the Louisville Metro Police Department?

9. Have you or anyone close to you applied for employment with a federal agency such as the Bureau of Alcohol, Tobacco, Firearms & Explosives or the United States Attorney's Office?

10. Have you ever served on jury duty before? If so, was the jury able to reach a verdict?

11. Have you or anyone in your family or a close friend ever received any legal training, practiced law, or worked in an attorney's office?

12. Has any member of the panel or a close relative or friend ever been the victim of a crime? What crime? When? Was the person prosecuted and convicted? Did you or your relative or friend appear as a witness?

13. Is there any member of the panel who would not believe the sworn testimony of a government or state agent merely because he or she was a police officer or government employee?

14. Is there any member of the panel who would be more likely to believe the sworn testimony of a government or state agent merely because he or she was a police officer or

government employee?

15. Do any of you feel that the federal government should not investigate or become involved in matters that deal with drugs?

16. Do any of you feel that the federal government should not have laws that prohibit the distribution of controlled substances, like methamphetamine and heroin?

17. Do any of you believe that law enforcement should not use confidential informants when conducting criminal investigations?

18. The Indictment is not evidence, but it charges Louis Charlton with four crimes – possession with intent to distribute a controlled substance (cocaine), distribution of a controlled substance (cocaine), carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. Given the nature of the charges, is there anyone who feels they could not be fair to the defendant and hold the United States to its burden of proving that the defendant committed the offenses as charged in the Indictment beyond a reasonable doubt?

19. If selected as a juror in this case, do you understand that any personal feelings you may have must be set aside if they conflict with the law as the Court will instruct you?

20. Do any of you feel that it is wrong for you to sit in judgment of another person? In other words, do you feel that you could not sit in judgment of these facts and vote to return a verdict of guilty regardless of the proof in the case?

21. Do you understand that in federal courts, punishment, if any, is imposed by the Court and that your verdict must in no way be affected by your concern for what punishment, if any, would be proper?

22. Do you understand that the duty of the United States is to prove guilt to the exclusion of reasonable doubt, but that it is not required to prove guilt beyond all doubt?

23. Do you understand that a defendant on trial is entitled to a presumption of innocence, but as with all presumptions, it may be overcome by competent evidence?

24. Do you understand that the law makes no difference in direct and circumstantial evidence and the weight to be given to it?   Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.   Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.

25. Do any of you have difficulty hearing, seeing or sitting for long periods of time?

26. Do any of you have events going on in your lives that would distract your attention from the testimony and evidence of this case?

27. Do any of you know one another?   If so, would you be influenced by the opinions or beliefs of the person you know?

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
510 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

Certificate of Service

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on July 5, 2016.

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney