## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**                                          **CRIMINAL NO. 3:16-CR-33-DJH**

                                                                                  **Electronically Filed**

**LOUIS CHARLTON**                                                  **DEFENDANT**

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

      Comes the Defendant, LOUIS CHARLTON, by counsel, and submits the following proposed jury instructions in addition to those propounded by the United States.

      Defendant reserves the right to propose additional instructions or amend this request following the close of all of the proof.

                                                   Respectfully Submitted

                                                   **/s/LARRY D. SIMON**
                                                   Attorney for Louis Charlton
                                                   222 South First Street, Ste. 307
                                                   Louisville, Kentucky 40202
                                                   502-589-4566

Count 1 - Possession with intent to distribute cocaine
21 U.S.C. 841(a)(1)

The defendant is charged with the crime of possession of cocaine with intent to distribute. Cocaine is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, the defendant knowingly or intentionally possessed cocaine.

Second, the defendant intended to distribute cocaine.

Now I will give you more detailed instructions on some of these terms.

I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the cocaine, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the cocaine, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

To prove that the defendant "knowingly" possessed the cocaine, the defendant did not have to know that the substance was cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much cocaine he possessed. It is enough that the defendant knew that he possessed some quantity of cocaine.
The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

<u>Sixth Circuit Pattern Jury Instructions</u> 2.10A, 14.01, (2015) (modified).

Count 2 – Distribution of cocaine
21 U.S.C. 841(a)(1)

The defendant is charged with the crime of distributing cocaine with intent to distribute. Cocaine is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly or intentionally distributed cocaine.

Second, that the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

To prove that the defendant knowingly distributed cocaine, the defendant did not have to know that the substance was cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much cocaine he distributed. It is enough that the defendant knew that he distributed some quantity of cocaine.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. The term distribute includes the sale of a controlled substance.

In determining whether the defendant knowingly or intentionally distributed a controlled substance, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute may be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions 2.10A, 14.01, (2015) (modified).

Count 3 - Carrying a firearm during and in relation to a drug trafficking offense
18 U.S.C. 924(c)(1)(A)

Count 3 of the indictment charges the defendant with carrying a firearm during and in relation to a drug trafficking crime. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant committed the crime charged in Count 1 or 2. Posession with the intent to distribute a controlled substance and distribution of a controlled substance are both drug trafficking crimes which may be prosecuted in a court of the United States.

Second: That the defendant knowingly carried a firearm.
Third: That the carrying of the firearm was during and in relation to the crime charged in Count 1 or 2.

Now I will give you more detailed instructions on some of these terms.

"Carrying" a firearm includes carrying it on or about one's person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded. The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1 or 2; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1 or 2, and its presence or involvement cannot be the result of accident or coincidence.
The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions 12.02 (2015) (modified).

Count – 4 Possession of a Firearm By a Convicted Felon
18 U.S.C. Section 922(g)(1)

Count Four of the indictment accuses the Defendant, Louis Charlton, of possession a firearm and ammunition in violation of federal law.  For you to find Mr. Charlton guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the Defendant guilty:

First:  That the Defendant was previously convicted in a court of law of a crime punishable by imprisonment for a term exceeding one year, as charged in the indictment.

Second, that the Defendant knowingly possessed the firearm as charged in the indictment; and

Third, that the firearm possessed in the indictment was in or affecting interstate commerce.

U.S. v. Layne, 192 F.3d 556 (6th Cir. 1999), cert den. 529 U.S.

U.S. v. Walker, 160 F.3d 1078 (6th Cir. 1998), cert den. 526 U.S.

The term "firearms means any weapon, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

Title 18 U.S.C Sections 922 (g) (1); 924 (a) (2).

The term "knowingly" as used in these instructions to describe the alleged state of mind of Defendant LOUIS CHARLTON, means that he was conscious and aware of this actions, realized what he was doing or what was happening around him, and did not act or fail to act because of ignorance, mistake, or accident.

The phrase "in or affecting commerce" includes commerce between any place in a State, Territory, Possession, or the District of Columbia, and any place outside of that State, Territory, Possession, or the District of Columbia.

Title 18 U.S.C. Section 10