## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**                                                  **CRIMINAL NO. 3:16-CR-33-DJH**

                                                                              **Electronically Filed**

**LOUIS CHARLTON**                                                  **DEFENDANT**

### PROPOSED VOIR DIRE QUESTIONS

       Comes the Defendant, LOUIS CHARLTON, by counsel, and requests, pursuant to Rule Rule 24 (a) of the Federal Rules of Criminal Procedure, that the court include the attached questions in its general voir dire of the jurors in order that the defense may effectively exercise its challenges for cause and its preemptory challenges.

                                         Respectfully submitted,

                                         **/s/LARRY D. SIMON**
                                         LARRY D. SIMON
                                         Attorney for LOUIS CHARLTON
                                         222 South First Street, Ste. 307
                                         Louisville, Kentucky 40202
                                         502-589-4566

**PROPOSED VOIRE DIRE QUESTIONS**

1. As we ask this series of questions known as the voire dire, we realize that some of them may be personal in nature. If, for any reason, you feel the need to discuss it at the bench with the judge, please do so, as we would rather you would discuss it quietly in front of the bench than to not discuss it at all, as your thoughts and feelings here are very important to everyone having a fair trial here today.

2. Is there anyone on the jury panel who works for a bank, s&l company, federal credit union, or any other financial institution?

3. Is there anyone who is a police officer, has a family member who is in law enforcement or in the military, or any public agency of any nature or kind?

4. Does anyone work for the FBI, CIA, or any other law enforcement branch of the federal government? Does anyone have a relative or close friend who works there?

5. Is there anyone who is or has been a member of the U.S. armed services, any branch? If so, what was the highest rank you obtained?

6. Is there anyone who is a member of any block watch organization or active in their local community in any type of criminal cooperation in an organized manner with law enforcement?

7. Is there anyone on the jury panel who is a member of MADD or any other kind of victims' rights advocate group of any similar nature or kind?

8. Has anyone been on a jury panel before? If so, was it a civil or criminal jury panel? Did you reach a verdict in any instance?

9. Does everyone understand that it is the government's burden to prove the Defendant guilty beyond a reasonable doubt?

10. Does everyone understand that the Defendant has no duty to present evidence in this case, that it is the government's sole duty to do so?

11. Does anyone have a problem with this concept and believe that, if the defendant does not come forward and offer evidence, that he should, in fact be found guilty for failure to do so?

12. Is there anyone who believes that, if you remain silent and do not testify for any reason, or offer evidence, then that, in and of itself, would be representation of their guilt?

13. Does the jury panel realize and understand that if, after hearing all of the evidence, that two conclusions can be drawn from the same evidence, one that would show that the defendant was innocent, one showing that the defendant was guilty then, in that instance, it is your duty to find the defendant not guilty?

14. As a member of this jury panel, each of you brings your own personal beliefs based upon your life experiences. However, some of those may be in conflict with what the law is, as will be instructed to you by the judge at the end of this case. Do you believe that, even if you find that your personal conviction may be different than that what the judge has instructed you, that you will be able to follow the law as instructed, even though you may disagree and even if it means that you may have to find the defendant not guilty because the way the law is stated by the court, if the evidence supports that conclusion?

15. Will each member of the jury panel promise to me that you will listen to the evidence independently and that you will, if you believe after you have heard the evidence independently, even if other members of the jury panel when you deliberate disagree, that if your conviction is true and you believe it, that you will stand by that conviction even if it is adverse to others on the jury panel?

16. Although we try to cover every question that we ask you as a juror, I will ask you now if, that for any reason there is anything that we haven't asked you or hasn't come forward that is bothering you or you feel is compelling or that you need to discuss that may affect your ability to sit in fair and impartial judgment of this defendant that you come forward now and advise us.

17. Have any of you ever driven an employer's car or truck as part of your employment duties?

18. Have any of you ever borrowed a car or truck from a friend?

19. How thoroughly did you check out that car or truck before driving it?

20. Would any of you feel uncomfortable driving someone else's vehicle?

21. Have you, any family members, or friends known anyone who has used or has been addicted to drugs? If so, please state:
    a) who
    b) what is their relationship to you? United States vs. Dennis, 786 F2d 1029 (11th Cir., 1986).

22. Do you have any opinions or have you had any experiences with regard to illegal drugs that would make it difficult for you to be an impartial juror on a case of this type? U.S. vs. Casey, 835 F2d 148 (7th Cir., 1987)

23. Are there any of you who feel that you have such strong views about the drug laws that your opinions may influence your ability to be a fair and impartial juror in a drug case? U.S. vs. Bascaro, 742 F2d 1335 (11th Cir., 1984)

24. Are there any of you who feel so strongly about the drug laws that you do not feel that you could base your verdict solely on the evidence? Bascaro, 742 F2d at 1335.

25. Do any of you belong to support groups such as MADD, AA, ALANON, NA, or NARANON?

26. How many of you have ever heard of a person being accused of a crime or punished for a

crime when he/she was innocent?

27. Have you ever been accused of something you did not do?

28. Would any of you tend to give greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government?

29. Would you give their testimony greater weight or credibility over that of the defendant or witnesses on his behalf? U.S. vs. Baldwin, 607 F2d 1295 (9th Cir., 1979)

30. As the court shows the jurors the indictment, do you understand that an indictment is only a piece of paper which notifies the defendant that he is being charged with a crime? U.S. vs. Glaziou, 402 F2d 8 (2nd Cir., 1968)

31. Do you understand that an indictment is not evidence that the crime charged was committed and may not be considered as evidence by you in deliberations? U.S. vs. Glaziou, 402 F2d 8 (2nd Cir., 1968)

32. Do you understand that the defendant entered a plea of not guilty and is innocent until proven otherwise? Taylor vs. Kentucky, 436 U.S. 478 (1978)

33. Do you have any difficulty presuming the defendant innocent now? U.S. vs. Hill, 738 F2d 152 (6th Cir., 1984)

34. Do you understand that the government is required by law to prove the defendant guilty beyond a reasonable doubt? U.S. vs. Hill, 738 F2d 152 (6th Cir., 1984)

35. If the government fails to meet that burden, do you understand that you must find the defendant not guilty?

36. Do you realize that the burden of proof is greater for a criminal case than for a civil case?

37. Do you understand that the defendant does not have to testify at trial and nothing can be inferred from him not testifying? Griffin vs. California, 380 U.S. 609 (1965); Eberhardt vs. Bordenkircher, 605 F2d 275 (6th Cir., 1979)

38. In a criminal case, a defendant is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution. Do you understand this?