UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**            **PLAINTIFF**

VS.            **CRIMINAL ACTION NO. 3:16-CR-33-DJH**

<u>**Electronically Filed**</u>

**LOUIS CHARLTON**            **DEFENDANT**

\*    \*    \*

<u>**DEFENDANT'S SUPPLEMENTAL TRIAL MEMORANDUM**</u>

Comes the Defendant, LOUIS CHARLTON, by his appointed counsel, and files this Supplemental Trial Memorandum:

<u>**STATUTES INVOLVED AND ELEMENTS OF THE OFFENSES**</u>

The Superseding Indictment charges Mr. Charlton in Count One with knowingly and intentionally possessing with the intent to distribute cocaine, a Schedule II controlled substance, on November 16, 2015. The Defendant is charged in Count Two with knowingly and intentionally distributing "crack" cocaine, a Schedule II controlled substance, also on November 16, 2015.

Title 21 U.S.C. Section 841(a) proscribes any person from knowingly or intentionally manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute or dispense a controlled substance. Section 841 (b)(1)(c) prohibits this activity regarding Schedule II controlled substances.

Count Three of the Indictment charges the Defendant under Title 18 U.S.C. Section 924 (c) (1) (A) with carrying a firearm during and in relation to the drug trafficking crimes in Counts One and Two, specifically alleging that he knowingly carried a semiautomatic pistol during a transaction and during the execution of the search of his residence.

Count Four of the Indictment charges Mr. Charlton with possessing two firearms and ammunition on November 16, 2015, after having been previously convicted in the Jefferson Circuit (Kentucky) Court

of three felony offenses (offenses punishable by imprisonment for a term exceeding one year), as proscribed by Title 18 U.S.C. Section 922 (g)(1). Said firearm and ammunition are required to have been shipped or transported in interstate or foreign commerce.

### STATEMENT OF FACTS

According to the United States, on November 16, 2015, Louisville Metro Police Officers utilized the services of a Confidential Informant to make a "controlled purchase" of an amount of cocaine from Mr. Charlton at his residence, 3937 South Fifth Street, Louisville, Kentucky. Law enforcement agents are alleged to have conducted surveillance of the purchase and recovered a quantity of cocaine from the informant after the transaction.

Subsequent to the controlled transaction, LMPD officers executed a search warrant at the residence and seized a quantity of suspected cocaine, marijuana, drug paraphernalia, surveillance cameras and equipment, cellular telephones and approximately $94,000.00 in currency. Also seized from the residence were two semiautomatic pistols and ammunition.

At the conclusion of the search, the Defendant was questioned by the officers at his residence, after being advised of his <u>Miranda</u> rights. The Defendant waived his rights and spoke to the officers freely about his involvement with controlled substances and other individuals involved in drug transactions. Mr. Charlton was subsequently interviewed by law enforcement officers later before being booked into the Metropolitan Department of Corrections and after his arraignment on state drug and firearm charges in the Jefferson District Court. These interviews were tape recorded. Mr. Charlton made numerous incriminating statements during these interviews.

### UNRESOLVED ISSUES OF LAW

Following the status conference held in this case on June 17, 2016, the parties were ordered to file legal memoranda regarding the statements made by Mr. Charlton to law enforcement agents following the execution of the search warrant. Because of the nature and contents of the Defendant's statements, these memoranda were filed under seal. On October 13, 2016, the Court denied the Defendant's Motion to

dismiss the charges in the Indictment (as well as to suppress all statements attributed to Mr. Charlton) because of the conduct of the investigating law enforcement officers.

### EVIDENTIARY TRIAL ISSUES AND PROBLEMS

Simultaneously with the filing of this supplemental memorandum, the Defendant has filed a Motion to Suppress the Fruits of the Search of his residence and All Statements Attributed to him.

It is anticipated that the Defendant will stipulate to the fact that he has a previous felony conviction, as this is an element of Count Four. See Old Chief v. United States, 519 U.S. 172 (1997).

### PROPOSED SUBSTANTIVE AND SPECIAL JURY INSTRUCTIONS

The Defendant previously filed [DN 31-1] jury instructions, and requests leave to offer additional instructions depending upon the evidence introduced at trial.

### PROPOSED VOIR DIRE QUESTIONS

The Defendant previously filed [DN 31-2] proposed voir dire questions.

Respectfully submitted,

**/s/LARRY D. SIMON**
LARRY D. SIMON
The Kentucky Home Life Building
239 South Fifth Street
The Seventeenth Floor
Louisville, KY 40202-3248
(502)589-4566/585-3548[FAX]

### CERTIFICATION

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 31st day of January, 2017.

**/s/LARRY D. SIMON**
LARRY D. SIMON