**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL NO. 3:16-CR-33-DJH**

UNITED STATES OF AMERICA                                                        PLAINTIFF

VS.

LOUIS CHARLTON                                                                       DEFENDANT

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS ALL FRUITS OF SEARCH AND ALL STATEMENTS ATTRIBUTED TO THE DEFENDANT**

\* \* \* \* \*

Comes the Defendant, Louis Charlton, by counsel, and respectfully moves that this Court enter the attached Order suppressing any evidence obtained in the search of his residence located at 3937 South Fifth Street, Louisville, Kentucky, 40214. As reasons for the foregoing, Defendant states as follows.

**FACTUAL CIRCUMSTANCES**

On November 16, 2015, at approximately 11:00 p.m., Louisville Metro Police Department officers executed a search warrant at the Defendant's residence, which resulted in the seizure of two handguns, cocaine, marijuana, a large amount of U.S. currency, and other items. Mr. Charlton was present in the residence and was detained by the officers and Mirandized. He subsequently made incriminating statements that were recorded by the police.

After initially being charged with Felon in Possession of Handgun and drug trafficking offenses in the Jefferson Circuit Court, Mr. Charlton was charged with the offenses alleged in the in the Superseding Indictment in this action, based upon the same search of his residence.

1

A copy of the entire Affidavit for Search Warrant and Search warrant for the Defendant's residence is attached to this Memorandum as an exhibit which may be referenced by this Court.

The information contained within the Affidavit for Search Warrant may be summarized as follows.

- The Affiant, Detective Hannah Carroll, stated that she received information on November 5, 2015, from an informant identified by the affiant as a reliable and credible confidential informant with previous involvement in narcotics, drug, and firearm trafficking.

- According to Detective Carroll, the informant told her that the Defendant "was in possession of a firearm and is selling large amounts of powder and crack cocaine out of his residence." Affidavit for Search Warrant at 2.

- Detective Carroll stated that she contacted other law enforcement officers that were familiar with the Defendant by virtue of a search of the Defendant's previous residence in 2011 that resulted in the seizure of cocaine, marijuana, drug paraphernalia, and a handgun.

- Detective Carroll confirmed that the Defendant had previous state court felony convictions, that his girlfriend's vehicles had been observed at the 3937 South Fifth Street address, and that both she and the Defendant "use[d]" this address.

However, the most significant assertions in the Affidavit pertaining to the time that had elapsed between the last event that might establish probable cause and the issuance of the warrant are as follows:

> Within the last 48 hrs [*sic*] affiant conducted a controlled buy with a reliable CI who purchased narcotics from CHARLTON [at 3937 S. 5th St.].[1] After the controlled buy, detectives noted multiple short stays at the address indicative of drug trafficking. The informant has seen and stated that CHARLTON keeps firearms at his address, 3937 S. 5th St.

Affidavit for Search Warrant at 3.

### ARGUMENT

---

[1] This was a handwritten addition to the typewritten Affidavit apparently notarized by Det. Carroll.

2

## I.   THE AFFIDAVIT FOR SEARCH WARRANT FAILED TO ESTABLISH PROBABLE CAUSE TO SEARCH DEFENDANT'S RESIDENCE.

The search warrant's information is insufficient to establish probable cause because there is no allegation that the confidential informant was ever inside the Defendant's house. There is no information in the affidavit that would support the informant's assertion that the Defendant kept firearms at his address, other than from the fact that the police had seized a handgun from a home occupied by the Defendantr four (4) years earlier. The documented information that the Defendant is a "Park Hill Crip" gang member and had felony convictions for possession of controlled substances in 1993 and 2010 is insufficient to justify a conclusion that narcotics and firearms were probably on the premises to be searched on November 16, 2015.

"To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting, in part, *United States v. Jenkins,* 396 F.3d 751, 760 (6th Cir.2005)). Probable cause is based on a "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Although a judge's finding of probable cause should be paid great deference and not disturbed unless arbitrarily exercised, *Illinois*, 462 U.S. at 236; *United States v. Weaver*, 99 F.3d 1372, 1376 (6th Cir. 1996), "the court must still insist that the [judge] perform his 'neutral and detached' function and not serve merely as a rubber stamp for police." *Aguilar v. Texas,* 378 U.S. 108, 111 (1964), *abrogated on other grounds by Illinois v. Gates,* 462 U.S. 213 (1983); *Weaver*, 99 F.3d at 1376-77.

The sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit. *Aguilar v. Texas,* 378 U.S. 108, 109 n.1 (1964), *abrogated on other grounds by Illinois v. Gates,* 462 U.S. 213 (1983); *United States v. Hodge*, 714

F.3d 380, 384 (6th Cir. 2013) (noting that the existence of probable cause must be based on "all the circumstances set forth in the affidavit" provided by the officers seeking a warrant") (internal quotation marks omitted); *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (*citing Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 565 n.8 (1971)). Therefore, a search warrant is invalid when there is a "lack of evidentiary nexus" linking the contraband to the place to be searched. *United States v. Schultz*, 14 F.3d 1093,1097-98 (6th Cir. 1994).

The Affidavit in Support of the search warrant fails to indicate any time period in which the informant saw the Defendant in possession of a firearm, much less that the informant was inside Mr. Charlton's house on any occasion. Finally, the informant provides no description whatsoever of the weapon(s) he claims to have observed.

The "affidavit supporting the search warrant must demonstrate a nexus between the evidence sought and the place to be searched." *United States v. Brown,* 801 F. 3d 679, 686 (6th Cir. 2015). Because there are no additional facts in the search warrant affidavit that would adequately and constitutionally demonstrate this nexus -- except those that took place in 2011 and earlier -- the search of the Defendant's residence on November 16, 2015, is unconstitutional.

**II.    THE STATEMENTS OF DEFENDANT ARE INADMISSIBLE.**

In *Wong Sun v. United States*, 371 U.S. 471 (1963), the United States Supreme Court laid down the basic principles to be applied in deciding whether to exclude evidence obtained after an illegal arrest or search. The issue is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun*, 371 U.S. at 487-488; *Brown v. Illinois*, 422 U.S. 590, 599, 95 S.Ct. 2254, 2259 (1975). The purpose of the exclusionary rule is "calculated to prevent, not to repair. Its purpose is to deter – to compel

respect for the constitutional guaranty in the only effectively available way – by removing the incentive to disregard it." *Brown v. Illinois*, 422 U.S. at 599-600, citing *Elkins v. United States*, 364 U.S. 206, 217 (1960).

As indicated in the argument advanced above, the search warrant issued for the search of the Defendant's residence was improper and unconstitutional. Therefore, all of the statements obtained from Mr. Charlton by law enforcement were by extension unlawfully obtained and must be suppressed.

## CONCLUSION

For all the above reasons, all items seized during the search of 3937 South Fifth Street, Louisville, Kentucky, and all statements attributed to the Defendant should be suppressed.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
502-589-4566
Counsel for Defendant, Louis Charlton

## CERTIFICATE OF SERVICE

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 31st day of January, 2016.

s/LARRY D. SIMON<br>
LARRY D. SIMON