**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL NO. 3:16-CR-33-DJH**

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.
                                                                **Electronically Filed Under Seal**

LOUIS CHARLTON                                                                        DEFENDANT

\* \* \* \* \*

**REPLY TO UNITED STATES' RESPONSE TO MOTION TO SUPPRESS**

Comes the Defendant, Louis Charlton, by counsel, and for his Reply to the United States' Response to Motion to Suppress, states as follows:

First, in its "Factual and Procedural Background," the United States asserts facts which were not included within the four corners of the Affidavit for Search Warrant and which are irrelevant to the issue of whether the Affidavit provided a substantial basis for a probable cause determination. Specifically, the United States asserts that during the controlled purchase leading to the application for search warrant, "[l]aw enforcement officers watched the CI walk to Charlton's residence where the CI entered through the rear door. The CI completed the transaction of purchasing crack cocaine and returned to the designated meet location." Response, Document 63 at 2.

In contrast, the only recent information stated in the Affidavit for Search Warrant is that simply "[w]ithin the last 48 hrs [of November 16, 2015, the date of the Affidavit] affiant conducted a controlled buy with a reliable CI who purchased narcotics from CHARLTON at 3937 S. 5th St." Affidavit for Search Warrant at 2 (DN 61-2).

1

The police officers' "independent corroboration" fails to state any details of the alleged transaction. There is no description of the alleged firearm. There is nothing in the Affidavit that indicates that the CI saw a firearm or firearms inside the house or on Charlton's person during the alleged controlled buy within forty-eight hours of the warrant.

Second, Defendant has demonstrated good cause for filing the motion after the filing deadline.

The deadline for filing motions to suppress was January 20, 2017 (DN 57). Trial is currently set for February 28, 2017. As stated previously, the focus in the case has been the post-arrest interviews of the Defendant by law enforcement, and the appropriateness of prosecution in this Court.

On January 27, 2017, undersigned counsel met with his client, who is in custody in the Marion County Jail, to review a plea agreement involving a conditional plea that would have allowed Mr. Charlton to pursue an appeal of the issues in the Sealed Order (DN 48). However, the Defendant declined to accept the plea agreement. Undersigned counsel notified the attorney for the United States that same day that there was no agreement. This Motion and Memorandum in Support thereof was filed four days later, four weeks before trial (DN 61), with the accompanying Motion to Permit Late Filing (DN 60).

"Good cause is a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable discretion." *United States v. Walden,* 625 F.3d 961, 965 (6th Cir. 2010). The United States relies upon *Walden* and its progeny in support of the assertion that Defendant fails to meet the good-cause standard of Federal Rule of Criminal Procedure 12(c)(3). *Walden; United States v. Soto,* 794 F.3d 635, 655 (6th Cir. 2015); *United States v. Edmond,* 815 F. 3d 1032, 1043-44 (6th Cir. 2016).

These cases are all distinguishable in that they deal with post-trial or post-plea motions. None of these cases address a situation such as the one at bar. Here, no plea agreement has been entered (as in *Walden*). The case has not yet been tried, as in *Soto* or *Edmond*.

Notwithstanding the fact that prejudice is not a consideration in assessing good cause for purposes of Fed. R. Cr. P (12)(c)(3) (*Walden, supra*), the United States is not prejudiced by the Court's addressing Defendant's Motion to Suppress. No evidentiary hearing is necessary to resolve this constitutional issue.

Third, the United States relies upon *United States v. Crumpton,* 827 F.3d 593 (6th Cir. 2016) to establish indicia for probable cause to search a specific place. However, the affidavit for search warrant in *Crumpton* was actually far more detailed than the one at issue here. In *Crumpton,* the police independently corroborated that the informant had entered and exited the address at issue.

The United States' factual summary -- in its Motion -- makes much of the fact the police officers did the same thing here. However, that observation is not documented in the Affidavit for Search Warrant and is not part of the sworn statement seeking to establish probable cause. The sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit. *Aguilar v. Texas,* 378 U.S. 108, 109 n.1 (1964), *abrogated on other grounds by Illinois v. Gates,* 462 U.S. 213 (1983). Therefore, a search warrant is invalid when there is a "lack of evidentiary nexus" linking the contraband to the place to be searched. *United States v. Schultz*, 14 F.3d 1093, 1097-98 (6th Cir. 1994).

Again, the search warrant affidavit fails to indicate any time period in which the informant saw the Defendant in possession of a firearm. Finally, the informant provides no description of the weapon(s) he claims to have observed.

The "affidavit supporting the search warrant must demonstrate a nexus between the evidence sought and the place to be searched." *United States v. Brown,* 801 F. 3d 679, 686 (6th Cir. 2015). Because there are no additional facts in the search warrant affidavit that would adequately demonstrate this nexus -- except those that took place in 2011 and earlier -- the search of the Defendant's residence on November 16, 2015, is unconstitutional.

Finally, the "good-faith exception" to the exclusionary rule applies in cases where law enforcement officers reasonably rely in good faith upon a search warrant, even if that warrant is ultimately found to be invalid. *United States v. Leon*, 468 U.S. 897, 922 (1984). Nevertheless, this good-faith exception to the exclusionary rule established in *Leon* does not apply in the following situations:

> "when (1) the supporting affidavit contained knowing or reckless falsity; (2) the issuing magistrate failed to act in a neutral and detached fashion and served merely as a rubber stamp for the police; the supporting affidavit did not provide the magistrate with a substantial basis for determining the existence of probable cause; or the officer's reliance on the warrant was neither in good faith nor objectively reasonable."

United States v. Laughton, 409 F.3d 744 (6th Cir. 2005).

The affidavit provides no information about any related drug trafficking activity that had been investigated at that address by law enforcement since 2011.

The information contained within the four corners of the affidavit was insufficient to establish probable cause and the warrant that authorized the seizure of weapons or firearms was in violation of the Fourth Amendment. Because the determination of good faith reliance is bound by the four corners of the affidavit, good faith reliance upon a warrant cannot be proven by introducing any other evidence or information the officer knew about but failed to convey in his/her supporting affidavit. *See United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005);

*United States v. Frazier*, 423 F3d 526, 534 (6th Cir. 2005).

Based solely on the information in the affidavit, an objectively reasonable officer could not reasonably rely on this search warrant in good faith because the affidavit supporting the warrant for the seizure of firearms or weapons was lacking in any facts or circumstances by which an impartial judicial officer could make an independent and neutral determination of whether probable cause existed. All the information received from the CI on November 5, 2015, is conclusory and devoid of details that would provide indicia of reliability.

This deficiency, combined with the Affidavit's lack of any firsthand information concerning the alleged controlled buy, falls short of establishing a substantial basis for determining the existence of probable cause.

WHEREFORE, for the reasons asserted in the Defendant's Motion and Memorandum, this Court should suppress from evidence all evidence and statements attributed to the Defendant from the day of the search.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
502-589-4566
Counsel for Defendant, Louis Charlton

## **CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 17th day of February, 2017.

s/LARRY D. SIMON  
LARRY D. SIMON
