UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:16-cr-33-DJH

LOUIS CHARLTON,     Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

The Court conducted a telephonic status conference in this matter on February 27, 2017, with the following counsel participating:

    For the United States:    Jo E. Lawless

    For Defendant Charlton:    Larry Simon

Because of the defendant's late-filed motion to suppress, the government's late-filed motion in limine, and the discussion between the court and counsel regarding the issues raised in these motions concerning the sensitive matters to be discussed during the course of trial, the Court concluded, without objection from counsel, that a brief continuance serves the ends of justice. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv).  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** as follows:

    (1)    The jury trial is **RESET** for **March 27, 2017, at 9:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.  Counsel shall be present in court by 9:00 a.m.

    (2)    The defendant shall file a brief addressing the legal issues discussed by **March 3, 2017**.

    (3)    The United States shall file its response brief by **March 8, 2017**.

(4) Pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from February 28, 2017 to March 27, 2017 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by granting the motion for continuance outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

cc: Counsel, Jury Clerk
Court Reporter:  Alan Wernecke
Court Time:  00/40