

FILED
VANESSA L. ARMSTRONG, CLERK

MAR – 7 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**LOUIS CHARLTON**

SECOND SUPERSEDING INDICTMENT

NO.   3:16CR-33-DJH
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(c)(1)(C)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)

The Grand Jury charges:

## COUNT 1

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, knowingly and intentionally distributed a mixture and substance containing cocaine base, commonly referred to as "crack cocaine," a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 2

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, during and in relation to a drug trafficking crime, for which a person may be prosecuted in a court of the United States, as set out in Count 1, knowingly carried a firearm, that is, a Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol, bearing serial number XS561475.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 3

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, knowingly and intentionally possessed with the intent to distribute cocaine, a Schedule I controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 4

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, knowingly and intentionally possessed with the intent to distribute marijuana, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

The Grand Jury further charges:

## COUNT 5

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, knowingly and intentionally possessed with the intent to distribute a mixture and substance containing cocaine base, commonly referred to as

"crack cocaine," a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 6

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, in furtherance of a drug trafficking crime, for which a person may be prosecuted in a court of the United States, as set out in Counts 3, 4, and 5, knowingly possessed a firearm, that is, a Springfield, Model XDS 3.3, .45 caliber semiautomatic pistol, bearing serial number XS561475, and an SCCY, Model CPX-2, 9 millimeter semiautomatic pistol, bearing serial number 193958.

In violation of Title 18, United States Code, Section 924(c)(1)(C).

The Grand Jury further charges:

## COUNT 7

On or about November 16, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LOUIS CHARLTON**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about May 13, 1994, in Jefferson Circuit Court case number 93-CR-2867, **CHARLTON** was convicted of possession of a controlled substance (cocaine) and tampering with evidence;

> On or about July 27, 1995, in Jefferson Circuit Court case number 94-CR-2001, **CHARLTON** was convicted of receiving stolen property over $300.00; and

On or about March 23, 2011, in Jefferson Circuit Court case number 10-CR-3022, **CHARLTON** was convicted of possession of a controlled substance (cocaine)

possessed, in and affecting commerce, firearms, that is, a Springfield, Model XDS 3.3, .45 caliber

semiautomatic pistol, bearing serial number XS561475, an SCCY, Model CPX-2, 9mm

semiautomatic pistol, bearing serial number 193958, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A TRUE BILL.

FOREPERSON

_Laura L Hall_

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:JEL:170228

4

UNITED STATES OF AMERICA v. **LOUIS CHARLTON**

## PENALTIES

| | |
|---|---|
| Count 1: | NM 20 yrs./$1,000,000/both/NL 3 yrs./NM Life Supervised Release |
| Count 2: | NL 5 yrs./NM life consecutive/$250,000/both/NM 5 yrs. Supervised Release |
| Count 3: | NM 20 yrs./$1,000,000/both/NL 3 yrs./NM Life Supervised Release |
| Count 4: | NM 5 yrs./$250,000/both/NL 2 yrs./NM Life Supervised Release |
| Count 5: | NM 20 yrs./$1,000,000/both/NL 3 yrs./NM Life Supervised Release |
| Count 6: | NL 25 yrs./NM life consecutive/$250,000/both/NM 5 yrs. Supervised Release |
| Count 7: | NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release |

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|---|---|---|---|
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:     10% of fine balance if payment more than 30 days late.
    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613
       If you **WILLFULLY** refuse to pay your fine, you shall be subject to an
       **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the

unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.      That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.      Give bond for payment thereof. .

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.   3:16CR-33-DJH

# UNITED STATES DISTRICT COURT
Western  District  of  Kentucky
Louisville Division

## THE UNITED STATES OF AMERICA

vs.

## LOUIS CHARLTON

## SECOND SUPERSEDING INDICTMENT
**Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); 841(b)(1)(D);**
**Title 18 U.S.C. §§ 924(c)(1)(A); 924(c)(1)(C); 922(g)(1); 924(a)(2):**
**Distribution of Cocaine Base; Carrying a Firearm During and in Relation to a Drug Trafficking Crime; Possession with the Intent to Distribute Cocaine, Marijuana, and Cocaine Base; Possession of Firearms in Furtherance of a Drug Trafficking Crime; Felon in Possession of Firearms and Ammunition.**

*A true bill.*

_____  *Foreperson*

*Filed in open court this 7ᵗʰ day, of March, A.D. 2017.*

_____  *Clerk*

*Bail, $*

_____



FILED
VANESSA L. ARMSTRONG, CLERK

MAR - 7 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY