UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

vs.                                                          CRIMINAL ACTION NO. 3:16CR33-DJH

LOUIS CHARLTON                                                                          DEFENDANT

*- Filed Electronically –*

## UNITED STATES' PROPOSED SUPPLEMENTAL SUBSTANTIVE JURY INSTRUCTIONS

  Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and submits the attached proposed substantive jury instructions.

                Respectfully submitted,

                JOHN E. KUHN, JR.
                United States Attorney

                */s/ Jo E. Lawless*
                Jo E. Lawless
                Assistant United States Attorney
                510 West Broadway
                Louisville, Kentucky 40202
                (502) 625-7065
                (502) 582-5097 (Fax)

             Certificate of Service

  I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on March 10, 2017.

                */s/ Jo E. Lawless*
                Jo E. Lawless
                Assistant United States Attorney

Count 1 – Distribution of cocaine base
21 U.S.C. § 841(a)(1)

The defendant is charged with the crime of distributing cocaine base, commonly referred to as "crack cocaine". Cocaine base is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly or intentionally distributed cocaine base.

Second, that the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

To prove that the defendant knowingly distributed cocaine base, the defendant did not have to know that the substance was cocaine base. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much cocaine base he distributed. It is enough that the defendant knew that he distributed some quantity of cocaine base.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. The term distribute includes the sale of a controlled substance.

In determining whether the defendant knowingly or intentionally distributed a controlled substance, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute may be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

<u>Sixth Circuit Pattern Jury Instructions</u> 14.01, (2015) (modified).

Count 2 - Carrying a firearm during and in relation to a drug trafficking offense
18 U.S.C. § 924(c)(1)(A)

Count 2 of the Indictment charges the defendant with carrying a firearm during and in relation to a drug trafficking crime. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant committed the crime charged in Count 1. Distribution of a controlled substance is a drug trafficking crime which may be prosecuted in a court of the United States.

Second: That the defendant knowingly carried a firearm.

Third: That the carrying of the firearm was during and in relation to the crime charged in Count 1.

Now I will give you more detailed instructions on some of these terms.

"Carrying" a firearm includes carrying it on or about one's person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions 12.02 (2015) (modified).

Count 3, 4, 5 - Possession with intent to distribute controlled substance
21 U.S.C. § 841(a)(1)

The defendant is charged with the crime of possession with intent to distribute a controlled substance. [Cocaine, cocaine base, marijuana] is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, the defendant knowingly or intentionally possessed [cocaine, cocaine base, marijuana].

Second, the defendant intended to distribute the [cocaine, cocaine base, marijuana].

Now I will give you more detailed instructions on some of these terms.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the [cocaine, cocaine base, marijuana] for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict. To establish actual possession, the government must prove that the defendant had direct, physical control over the [cocaine, cocaine base, marijuana], and knew that he had control of it. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the [cocaine, cocaine base, marijuana], and knew that he had this right, and that he intended to exercise physical control over at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the [cocaine, cocaine base, marijuana], and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

To prove that the defendant "knowingly" possessed the cocaine, the defendant did not have to know that the substance was cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much cocaine he possessed. It is enough that the defendant knew that he possessed some quantity of cocaine.

The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions.

4

Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions 2.10, 14.01, (2015) (modified).

Count 6 – Possession of a firearm in furtherance of a drug trafficking crime
18 U.S.C. § 924(c)(1)(A)

Count 6 of the Indictment charges the defendant with possessing a firearm in furtherance of a drug trafficking crime.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant committed the crime charged in Count 3, 4 or 5.  Possession with the intent to distribute a controlled substance is a drug trafficking crime which may be prosecuted in a court of the United States.

Second: That the defendant knowingly possessed.

Third: That the possession of the firearm was in furtherance of the drug trafficking crime charged in Count 3, 4, or 5.

Now I will give you more detailed instructions on some of these terms.

 "Carrying" a firearm includes carrying it on or about one's person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.  To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.  To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over at some time, either directly or through other persons.  For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.  But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 3, 4, or 5 and that the firearm was strategically located so that it was

6

quickly and easily available for use

      If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

<u>Sixth Circuit Pattern Jury Instructions</u> 2.10A, 12.03 (2015) (modified).

Count 7 - Possession of a firearm by a convicted felon

18 U.S.C. § 922(g)(1)

Count 7 of the indictment charges the defendant with being a convicted felon in possession of a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that the defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

Second: That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

Third: That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions 2.10A, 12.02 (2015) (modified).

7.03 Opinion testimony

You have heard the testimony of Special Agent David Hayes, Special Agent Brad Leveritt, and Senior Forensic Chemist Robert H. Krefft, who testified as an opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give the testimony, you should consider the witness's qualifications and how he/she reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Sixth Circuit Pattern Jury Instructions 7.03 (2015) (modified).

### 7.03A Witness testifying to both facts and opinions

You have heard the testimony of Special Agent Brad Leveritt, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Special Agent Leveritt's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Sixth Circuit Pattern Jury Instructions</u> 7.03A (2015) (modified).