UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                             PLAINTIFF

VS.                                             CRIMINAL ACTION NO. 3:16-CR-33-DJH

**Electronically Filed**

LOUIS CHARLTON                                                 DEFENDANT

\* \* \* \* \*

## DEFENDANT'S SUPPLEMENTAL TRIAL MEMORANDUM AND NOTICE

Comes the Defendant, LOUIS CHARLTON, by his appointed counsel, and files this Supplemental Trial Memorandum and gives notice to this Court and the government, pursuant to the previous Order of the Court [Docket No. 90], that Mr. Charlton does not intend to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency.

## STATUTES INVOLVED AND ELEMENTS OF THE OFFENSES

The government obtained a Second Superseding Indictment against the Defendant. The charges and their elements are accurately recounted by the United States in its Supplemental Trial Memorandum [Docket No. 92].

By charging Mr. Charlton in the most recent indictment with two counts of violating Title 18 U.S.C. Section 924(c)(1)(A) – carrying a firearm during and in relation to a drug trafficking crime, a conviction on both counts subjects the Defendant to a mandatory minimum 25 year prison sentence. Should this issue present itself after the trial of these indicted charges, the Defendant reserves his right to challenge and object to the potential sentencing provisions of this statute.

## **STATEMENT OF FACTS**

According to the United States, on November 16, 2015, Louisville Metro Police Officers utilized the services of a confidential informant to make a "controlled purchase" of an amount of cocaine from Mr. Charlton at his residence, 3927 South Fifth Street, Louisville Kentucky. Law enforcement agents are alleged to have conducted surveillance of the purchase and recovered a quantity of cocaine from the informant after the transaction.

Subsequent to the controlled transaction, LMPD officers executed a search warrant at the residence and seized a quantity of suspected cocaine, marijuana, drug paraphernalia, surveillance cameras and equipment, cellular telephones and approximately $94,000.00 in currency. Also seized from the residence were two semiautomatic pistols and ammunition.

At the conclusion of the search, the Defendant was questioned by the officers at his residence, after being advised of his Miranda rights. The Defendant waived his rights and spoke to the officers freely about his involvement with controlled substances and other individuals involved in drug transactions. Mr. Charlton was subsequently interviewed by law enforcement officers later before being booked into the Metropolitan Department of Corrections and after his arraignment on state drug and firearm charges in the Jefferson District Court. These interviews were tape recorded. These audio recordings were admitted as evidence during an evidentiary hearing regarding their admissibility on August 24, 2016 [Docket No. 47; Govt's Hrg. Exhs 1, 2] Mr. Charlton made numerous incriminating statements during these interviews.

As indicated in the Record of this case, the police made numerous promises to the Defendant (which are substantiated by the audiotaped statements) in return for Mr. Charlton's cooperation. The Defendant accepted the proposals of the law enforcement officers that spoke with him on the night of his arrest and following his arraignment.

Mr. Charlton relied to his detriment upon the broken promises of the law enforcement officers.

## UNRESOLVED ISSUES OF LAW
## EVIDENTIARY TRIAL ISSUES

As indicated in the Committee Commentary (Section 6.01) to the "Defense Theory" Section of the Sixth Circuit's Jury Instructions, "[w]hen a defense theory finds some support in the evidence and the law, the defendant is entitled to some mention of that theory in the district court's instructions." *Sixth Circuit Jury Instructions*; 6.01 Defense Theory; Committee Commentary 6.01 (current through August 1, 2016). *United States v. Duncan,* 850 F.2d 1104, 1117 (6th Cir. 1988). The test for determining whether some mention of the defense theory must be included is not whether the evidence presented in support of the theory appears reasonable. *Duncan, supra* at 1117. "It is not for the judge, but rather for the jury, to appraise the reasonableness or the unreasonableness of the evidence relating to the [defense] theory." *Id.* (interior quotations omitted). Instead, the test is whether "there is any foundation in the evidence sufficient to bring the issue into the case, even if that evidence is weak, insufficient, inconsistent, or of doubtful credibility." *Id.* (interior quotations omitted).

In *United States v. O'Neal,* 1999 WL 777307, 1999 U.S. App. LEXIS 23517 (6th Cir. 1999) (unpublished), the panel explained the law as follows: Although a jury instruction should not be given if it lacks evidentiary support or is based upon mere suspicion or speculation, if there is even weak supporting evidence, [a] trial court commits reversible error in a criminal case when it fails to give an adequate presentation of a theory of defense, 1999 WL at 1, 1999 LEXIS at 3, *quoting United States v. James,* 819 F.2d 674, 675 (6th Cir. 1987) and *United States v. Plummer,* 789 F.2d 435, 438 (6th Cir. 1986).

The defense theory must, however, be stated "clearly and completely." *Smith v. United*

*States*, 230 F.2d 935, 939 (6th Cir. 1956).

## PROPOSED JURY INSTRUCTIONS

The Defendant files simultaneously with this Trial Memorandum jury instructions that the undersigned believes have significant evidentiary support and provide an adequate presentation of the Defendant's theory of defense.

## PROPOSED VOIR DIRE QUESTIONS

The Defendant has previously filed proposed voir dire questions.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
502-589-4566
Counsel for Defendant, Louis Charlton

## CERTIFICATE OF SERVICE

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 15th day of March, 2017.

s/LARRY D. SIMON
LARRY D. SIMON