UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:16CR33-DJH |
| LOUIS CHARLTON | DEFENDANT |

*Electronically filed*

## RESPONSE TO DEFENDANT'S REVISED TRIAL MEMORANDUM AND PROPOSED JURY INSTRUCTIONS

Comes the United States of America, through counsel, Assistant United States Attorney Jo E. Lawless, in response to Louis Charlton's revised trial memorandum and proposed jury instructions (DN 98 and 103), and objects to introduction of evidence, argument, or jury instructions as related to a "variation" on the affirmative defense of entrapment by estoppel.

Charlton now asserts that he will not pursue an affirmative defense of public-authority as allowed under Fed. R. Crim. P. 12.3.  However, Charlton persists in presenting a theory of defense very closely tied to public-authority, namely, entrapment by estoppel.  The facts of the case prevent assertion of the entrapment by estoppel defense.

The entrapment-by-estoppel defense is available when four conditions are met.  First, the government announces that the charged criminal act was legal; second, the defendant relies on the announcement; third, the reliance is reasonable; and, fourth, "given the defendant's reliance, the prosecution would be unfair."  *United States v. Lechner*, 806 F.3d 869, 875 (6th Cir. 2015)(quoting *United States v. Levin,* 973 F.2d 463, 468 (6th Cir.1992)).   Additionally, the Sixth Circuit Pattern Jury Instructions address the affirmative defense.  The pertinent portions of the pattern instruction in this issue are as follows:

**6.09 ENTRAPMENT BY ESTOPPEL**

> (1) One of the questions in this case is whether the defendant reasonably relied on a government announcement that the criminal act was legal.   This defense is called entrapment by estoppel.   Here, unlike the other matters I have discussed with you, the defendant has the burden of proof.
>
> (2) For you to return a verdict of not guilty based on the defense of entrapment by estoppel, the defendant must prove the following four factors by a preponderance of the evidence:
>
>> (A) First, that an agent of the United States government announced that the charged criminal act was legal.
>>
>> (B) Second, that the defendant relied on that announcement.
>>
>> (C) Third, that the defendant's reliance on the announcement was reasonable.
>>
>> (D) Fourth, that given the defendant's reliance, conviction would be unfair.

Sixth Circuit Pattern Jury Instructions 6.09, (2016).

The Committee Commentary to 6.09 (current through August 1, 2016), is instructive. The Commentary begins by noting that the instruction is based on *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992) (citing *United States v. Smith*, 940 F.2d 710 (1st Cir. 1991)); *see also United States v. Triana*, 468 F.3d 308 (6th Cir. 2006) and *United States v. Blood*, 435 F.3d 612 (6th Cir. 2006).   "Entrapment by estoppel **applies when an official tells a defendant that certain conduct is legal** and the defendant believes that official to his detriment."   *Triana*, 468 F.3d at 316 (*citing* Cox v. Louisiana, 379 U.S. 559 (1965))(emphasis added).

Paragraph 2(A) specifies that an agent of the United States government must announce that the charged criminal act was legal.   Sixth Circuit Pattern Jury Instructions Committee Commentary 6.09, (2016).   The term "United States government" reflects the case law which specifies that the entrapment-by-estoppel defense will not shield a defendant from federal prosecution when the representations of legality were made by state officers.   *United States v. Hurst*, 951 F.2d 1490, 1499 (6th Cir. 1991); *see also United States v. Ormsby*, 252 F.3d 844, 846

(6th Cir. 2001). Additionally, paragraph (2)(A), and the instruction generally, require that a government agent have explicitly "announced" that the charged criminal act was legal. <u>Sixth Circuit Pattern Jury Instructions</u> Committee Commentary 6.09, (2016). The terms "announced" and "announcement" are drawn from *Levin,* 973 F.2d at 468; *see also Triana*, 468 F.3d at 316 (quoting this term from *Levin*); *Blood*, 435 F.3d at 626 (same). Case law does not precisely define what constitutes an announcement. The Sixth Circuit has held that an announcement was established by official letters from Health Care Financing Administration "reimbursement specialists" approving the defendants' conduct. *Levin, supra* at 465. However, an announcement was not established by statements an FBI confidential informant made to defendants that a bank was legitimate and that the financing scheme had worked before. *Blood, supra* at 626. The Sixth Circuit has also held that probation officers' failure to prohibit defendant's involvement with federal health care programs was not an announcement because a government official did not "*explicitly* [tell defendant] his actions were legal . . . ." *Triana, supra* at 316 (emphasis in original).

Without citation to any authority, Charlton seeks to pursue a "variation" of the entrapment by estoppel affirmative defense. Importantly, the "variation" involves the first element necessary to assert the defense. Charlton substitutes "that a government agent made a promise that the defendant would not be prosecuted for the criminal acts that he may have committed on or about November 16, 2015," for the required "that an agent of the United States government announced that the charged criminal act was legal." This is not a distinction without difference. It is a material alteration of the recognized affirmative defense.

He has not alleged that anyone told him his actions were legal. Rather, he claims that promises were made **after** he had committed the criminal acts that he would not be charged in

3

exchange for his cooperation.   Assuming *arguendo* that such promises were made, there is no legal defense under entrapment by estoppel based on those facts.

Charlton's intended defense is not legally viable.   He should not be allowed to urge acquittal based on a non-legal defense.   To do so is tantamount to jury nullification. Therefore, the United States objects to the introduction of evidence or argument asserting Charlton's purported "variation" of entrapment by estoppel.

                                  Respectfully submitted,

                                  JOHN E. KUHN, JR.
                                  United States Attorney

                                  */s/ Jo E. Lawless*
                                  Jo E. Lawless
                                  Assistant United States Attorney
                                  717 West Broadway
                                  Louisville, Kentucky 40202
                                  (502) 625-7065
                                  (502) 582-5097 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic transmission to defense counsel on March 17, 2017.

                                  */s/ Jo E. Lawless*
                                  Jo E. Lawless
                                  Assistant United States Attorney