UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:16-cr-33-DJH |
| LOUIS CHARLTON, | Defendant. |

\* \* \* \* \*

## ORDER

Defendant Louis Charlton was arrested and charged with several crimes related to drug trafficking and firearms possession. (Docket No. 26, PageID # 87) Charlton filed a motion to dismiss the indictment, claiming that law enforcement officers coerced inculpatory statements by promising him that he would not be prosecuted if he cooperated and provided them with information on other individuals who trafficked in drugs and firearms. (*See* D.N. 24; D.N. 43) After a hearing, the Court concluded that no such promises of leniency were made by the officers, and denied Charlton's motion to dismiss. (D.N. 48) Charlton repeated similar arguments in his motion to suppress, which was also denied. (D.N. 61; D.N. 80)

Charlton has indicated that he intends to raise the issue of "whether there was a cooperation agreement . . . between the Defendant and the police officers" at trial. (D.N. 84, PageID # 410) However, Charlton did not file notice of a public-authority defense pursuant to Fed. R. Crim. P. 12.3. (D.N. 94; D.N. 103; D.N. 104) The United States filed a motion in limine, seeking to exclude "evidence or argument that would lead to jury nullification." (D.N. 90, PageID # 389) At issue is whether Charlton may argue that the jury should find him not

guilty because of his alleged agreement with police.  Charlton argues that he may do so under a "variation" of the entrapment-by-estoppel defense.[1]  (D.N. 103, PageID # 510)

"Entrapment by estoppel is an affirmative defense that is rarely available." *United States v. Theunick*, 651 F.3d 578, 589–90 (6th Cir. 2011) (quoting *United States v. Rector*, 111 F.3d 503, 506 (7th Cir. 1997), *overruled on other grounds*, *United States v. Wilson*, 169 F.3d 418, 426–27 (7th Cir. 1999)).  "Entrapment by estoppel applies when an official tells a defendant that certain conduct is legal and the defendant believes that official to his detriment." *United States v. Triana*, 468 F.3d 308, 316 (6th Cir. 2006).  "[T]o prove the defense of entrapment by estoppel, a defendant must show that: (1) a government agent announced that the charged conduct was legal; (2) the defendant relied on the agent's announcement; (3) the defendant's reliance was reasonable; and (4) given the defendant's reliance, prosecution would be unfair." *Id*. (citing *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992)).

"Lack of predisposition is 'the principal element in the defense of entrapment.'" *United States v. Helton*, 480 F. App'x 846, 848–49 (6th Cir. 2012) (citing *United States v. Russell*, 411 U.S. 423, 433 (1973)).  The defense "focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Id*. at 849 (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)).

For example, in *United States v. Smith*, a Kentucky state legislator admitted to taking money in exchange for "help[ing] a convict obtain early release from prison."  23 F.3d 409, 1994 WL 162584, at *1 (6th Cir. 1994).   Before he was indicted, the state legislator agreed to cooperate with FBI agents "in gathering evidence against others in the Kentucky Legislature."

---

[1] The parties do not dispute, and the Court agrees, that Charlton may introduce evidence regarding the circumstances of his inculpatory statements as they relate to the credibility and voluntariness of those statements.  *See Crane v. Kentucky*, 476 U.S. 683, 688 (1986).

2

*Id.* at *2. The defendant moved to suppress inculpatory statements that he made, "arguing that he had not been read his *Miranda* rights and that the FBI had coerced him through promises of leniency." *Id*. The defendant asserted an entrapment defense but was found guilty on several counts related to his acceptance of money. *Id*. The Sixth Circuit rejected the defendant's claim that he should have prevailed on the entrapment defense as a matter of law. *Id*. at *3–4. According to the Sixth Circuit, this was "not a case of a 'persistent and overzealous Government pursuing a reluctant and unresponsive individual over an extended period of time.'" *Id*. (citing *United States v. Kussmaul,* 987 F.2d 345, 349 (6th Cir. 1993)). The Sixth Circuit reasoned that it was the defendant, not the government agents, who "proposed the bribes, and . . . readily accepted them." *Id*. at *4.

In the absence of any evidence that prior to committing the alleged crimes, a government agent informed Charlton that the conduct was legal, Charlton seeks to alter the elements of the entrapment defense. He argues that the first element of the entrapment-by-estoppel test should be changed to "a government agent made a promise that the defendant would not be prosecuted for the criminal acts that he may have committed." (D.N. 103, PageID # 510) However, this would fundamentally alter the entrapment-by-estoppel defense. *See Triana*, 468 F.3d at 316. Entrapment by estoppel is meant to address a situation where the defendant relied on an officer's statement when committing an offense. *See id*. Charlton's proposed change would flip the sequence of the defense, allowing him to avoid liability based on an officer's alleged promises of leniency after the illegal conduct has occurred. Charlton's proposed defense would not be entrapment, but merely an alleged subsequent approval of illegal conduct. *See id*.

Arguing that a jury should find a defendant not guilty because he believed that he had a deal with law enforcement officers (or that they approved his conduct after-the-fact) is not a

recognized legal defense. As in *Smith*, alleged promises of leniency are not sufficient to prevail on an entrapment defense. 1994 WL 162584, at *2–3. Charlton was not an "unwary innocent" that the government pursued over an extended period of time. *Helton*, 480 F. App'x at 848–49; *see also Smith*, 1994 WL 162584, at *4. Rather, Charlton demonstrated a predisposition for committing the alleged crimes that was not based on the statements of government agents. *See Helton*, 480 F. App'x at 848–49.

Raising an entrapment defense at trial when the defendant has not met the requirements for proving the defense "could serve but one purpose, to cause jury confusion or nullification." *United States v. Jean-Charles*, No. 15-80055-CR, 2015 WL 7820716, at *5 (S.D. Fla. Dec. 2, 2015) (citing *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998); *Cave v. Singletary*, 971 F.2d 1513, 1518 (11th Cir. 1992); *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983); *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *United States v. Smith*, 2009 WL 692149 (S.D. Ala. 2009); *United States v. Lucero*, 895 F. Supp. 1421 (D. Kan. 1995)). "Nullification occurs when a juror violates his or her oath by failing to apply the law as instructed by the court[,] thereby acquitting a defendant even though the government has proven its case beyond a reasonable doubt." Kevin F. O'Malley, et al., 1 Fed. Jury Prac. & Instr. § 5:16 (6th ed. 2017) (citations omitted).

A defendant has no right to ask the jury to nullify. *See id.* (citing *Hunt v. Lee*, 291 F.3d 284, 293 (4th Cir. 2002); *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997); *United States v. Gonzalez*, 110 F.3d 936, 947–48 (2d Cir. 1997); *Briggs v. Marshall*, 93 F.3d 355, 360–61 (7th Cir. 1996); *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983)). "In fact, the court has the power and even the duty to prevent this type of conduct." *Id.* (citing *United*

*States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997); *United States v. Edwards*, 101 F.3d 17, 20 (2d Cir. 1996); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *United States v. Powell*, 955 F.2d 1206, 1212–13 (9th Cir. 1991)).

Because Charlton's "variation" of the entrapment-by-estoppel defense is not a viable legal defense and would allow him to avoid conviction even if the government proved every element of its case, the Court finds that his argument is one for jury nullification. *See Jean-Charles*, 2015 WL 7820716, at *5. Therefore, Charlton will not be permitted to raise this argument during trial.

The Court acknowledges that the line between acceptable argument regarding the circumstances of his statements and an unacceptable request for jury nullification is a fine one. To clarify, Charlton may introduce evidence of his alleged understanding with law enforcement to go to the weight that the jury should give to his inculpatory statements; however, he may not assert that the jury should find him not guilty because of the alleged agreement with law enforcement officers.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the United States' motion in limine to exclude argument that would lead to jury nullification (D.N. 79) is **GRANTED in part**.

March 21, 2017

**David J. Hale, Judge**
**United States District Court**