**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL NO. 3:16-CR-33-DJH**

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS.
                                                                            **Electronically Filed**

LOUIS CHARLTON                                                                    DEFENDANT

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Comes the Defendant, LOUIS CHARLTON, by his appointed counsel, and states the following Objections to the Presentence Investigation Report compiled by the United States Probation Office:

The information contained in the Report regarding the offense conduct for which the Defendant was found guilty by the verdicts returned by the jury following the presentation of evidence is accurate in all substantive respects. The offender characteristics contained in the Report, as they pertain to Mr. Charlton's personal and family data, his physical condition, and his educational, vocational, and substance abuse history are also accurate. With regard to the Defendant's mental health issues, undersigned counsel has requested medical and counseling records from JADAC (now Centerstone), the agency whose mental health employees apparently authorized prescription medications for Mr. Charlton. When these records are received by the undersigned, it is anticipated that some of the information in Paragraph 68 will be supplemented.

As indicated in Paragraph 24 of the Report, no adjustment for acceptance of responsibility was credited to Defendant Charlton's guideline sentence calculation. The Defendant submits that

a decrease of two (2) levels in his calculated Offense Level is warranted by the fact that Mr. Charlton truthfully admitted the conduct comprising the offenses of which he was convicted. His admissions were made and documented long before his case proceeded to trial in March 2017.

As demonstrated in the record of this case, shortly after the search warrant was executed on the Defendant's residence located at 3937 South Fifth Street in Louisville, Kentucky, Mr. Charlton spoke to law enforcement officers and admitted that he was actively engaged in purchasing cocaine from others and selling the controlled substance to customers. He incriminated himself and numerous other individuals – some known to the investigating officers, and some unknown – by means of these statements. The value of Mr. Charlton's information was significant to these officers and resulted in two tape-recorded conversations in which the Defendant provided information on others in the drug trade but accurately and without reservation recounted his own criminal conduct.

As indicated in Application Note 2 to §3E1.1 of the Guidelines:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. §3E1.1, Application Note 2 (2016). Further, "[t]he paramount factor in determining eligibility for § 3E1.1 credit is whether the defendant truthfully admits the conduct comprising the offense or offenses of conviction." *United States v. Hollis*, 823 F.3d 1045, 1049-1050 (6th Cir.

2

2016), *quoting United States v. Kumar*, 617 F.3d 612, 637 (2d Cir. 2010).

The Defendant submits that his case is the type of rare situation contemplated in the Application Note. The Defendant asserted that the Indictment(s) filed against him in this Court should have been dismissed, based upon a cooperation-in-return-for-immunity agreement between Mr. Charlton and the investigating police officers. This assertion was made in the form of a number of pretrial motions and during an evidentiary hearing in this Court on July 27, 2016. The challenge made by the Defendant did not relate to the actual conduct of possessing controlled substances with the intent to sell and possessing firearms.

WHEREFORE, the proper application of §3E1.1 justifies the reduction of the Defendant's Offense Level by two (2) levels, which is supported by the record in this case.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
222 South First Street, Ste. 307
Louisville, Kentucky 40202
502-589-4566
Counsel for Defendant, Louis Charlton

## CERTIFICATION

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record and Mr. Stephen C. Carter, United States Probation Officer, on this the 5th day of June, 2017.

s/LARRY D. SIMON
LARRY D. SIMON