UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-00033-DJH

**UNITED STATES OF AMERICA**                                                                                       **PLAINTIFF**

**V.**                                                                                    <u>**Electronically Filed**</u>

**LOUIS CHARLTON**                                                                                              **DEFENDANT**

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

\* \* \* \* \*

Comes the Defendant, LOUIS CHARLTON, by counsel, and files this memorandum in support of his arguments for a reasonable sentence pursuant to Title 18 U.S.C. Section 3553(a).

<u>MENTAL AND EMOTIONAL HEALTH</u>

Paragraph 68 of the Presentence Investigation Report notes that the Defendant "advised he suffers from bipolar disorder, depression and mood swings," and is currently prescribed Seroquel 200mg. Undersigned counsel obtained Mr. Charlton's medical records from Centerstone (previously Seven Counties Services, Inc.), which confirmed his previous diagnoses of bipolar disorder and depression. The medication that Mr. Charlton is receiving now is the same as he was prescribed in 2015.

The Defendant advised the Probation Officer that "he was evaluated at KCPC in 2007 and was found to be incompetent to stand trial." Undersigned counsel was unable to verify this information. In contrast, Mr. Charlton's criminal history indicates that he was found guilty of a misdemeanor domestic assault in July 2007, was sentenced on another misdemeanor assault in June of 2008, and was found guilty of other misdemeanors in August of 2009.

The Defendant's medical records indicate that he had received treatment, counseling and prescription medication for his psychological condition on a continuing basis up to August of 2015 (approximately three months before the offense date of the charges in this case). Mr. Charlton's medical records are consistent with the undersigned's observations of Mr. Charlton while representing him in this case, in that no psychosis or deficit in intellectual functioning was observed.

## ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY

As indicated in Paragraph 24 of the Report, no adjustment for Acceptance of Responsibility was credited to Defendant Charlton's guideline sentence calculation. The Defendant submits that a decrease of two (2) levels in his calculated Offense Level is warranted by the fact that he truthfully admitted the conduct comprising the offenses of which he was convicted. His admissions were made and documented long before his case proceeded to trial in March 2017.

As demonstrated in the record of this case, shortly after the search warrant was executed on the Defendant's residence located at 3937 South Fifth Street in Louisville, Kentucky, Mr. Charlton spoke to law enforcement officers and admitted that he was actively engaged in purchasing cocaine from others and selling the controlled substance to customers. He incriminated himself and numerous other individuals – some known to the investigating officers, and some unknown – by means of these statements. The value of Mr. Charlton's information was significant to these officers at that time and resulted in two tape-recorded conversations in which he provided information on others in the drug trade but accurately and without reservation recounted his own criminal conduct.

As indicated in Application Note 2 to §3E1.1 of the Guidelines:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential

> factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. §3E1.1, Application Note 2 (2016). Further, "[t]he paramount factor in determining eligibility for § 3E1.1 credit is whether the defendant truthfully admits the conduct comprising the offense or offenses of conviction." *United States v. Hollis*, 823 F.3d 1045, 1049-1050 (6th Cir. 3 2016), *quoting United States v. Kumar*, 617 F.3d 612, 637 (2d Cir. 2010).

The Defendant submits that his case is the type of rare situation contemplated in the Application Note. The Defendant asserted that the Indictment(s) filed against him in this Court should have been dismissed, based upon a cooperation-in-return-for-immunity agreement between Mr. Charlton and the investigating police officers. This assertion was made in the form of a number of pretrial motions and during an evidentiary hearing in this Court on July 27, 2016. The challenge made by the Defendant did not relate to the actual conduct of possessing controlled substances with the intent to sell and possessing firearms.

The proper application of §3E1.1 justifies the reduction of the Defendant's Offense Level by two (2) levels, which is supported by the record in this case.

### THE UPWARD ADJUSTMENT OF OFFENSE LEVEL FOR OBSTRUCTING OR IMPEDING THE ADMINISTRATION OF JUSTICE IS UNJUSTIFIED.

The government asserts that a two-level increase in the Defendant's Offense Level should be applied pursuant to Section 3C1.1 of the Guidelines, per an email communication sent to the Probation Office on June 5, 2017 [Document Number 129-1].  The government contends that Mr. Charlton testified untruthfully in the evidentiary hearing on August 24, 2015, in relation to the Defense Motions to Dismiss the Indictment and to Suppress his custodial statements.  Mr. Charlton testified that he remembered LMPD Detective Carroll telling him that, in exchange for his cooperation, "his case would disappear."  Detective Carroll denied making this statement.

The Commentary/Application Notes to this section of the Guidelines that addresses this type of adjustment states as follows:

> **Limitations on Applicability of Adjustment.** – This provision is not intended to punish a defendant for the exercise of a constitutional right.  A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision.  In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus **not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.** (Emphasis added)

As previously noted, shortly after the search warrant was executed on the Defendant's residence at 3937 South Fifth Street in Louisville, Kentucky, Mr. Charlton spoke to law enforcement officers including Detective Carroll. **He admitted that he was actively engaged in purchasing cocaine from others, and selling the controlled substance to customers.** He incriminated himself and gave detailed information about other individuals in the drug trade.

The Government has not challenged the truthfulness of any of Mr. Charlton's statements except for this single assertion. Moreover, Mr. Charlton's decision to cooperate was based on the law enforcement officers' promises of leniency. He incriminated himself freely and factually, and

4

placed himself at further risk by providing information as to others engaged in narcotics activity. By contrast, there is nothing in the record except Detective Carroll's testimony to provide indicia of reliability as to Detective Carroll's recollection.

Even if this Court believes that Detective Carroll is right and Mr. Charlton wrong on this point, it is crystal clear that Mr. Charlton's mistake is not willful. It is supported by the law enforcement officers' recorded promises of leniency, and by the clear evidence of his reliance on those representations. The Application Note to 3C1.1 makes clear that this Court should not impose this onerous sanction on Mr. Charlton on these facts.

WHEREFORE, the Defendant requests this Court to impose a reasonable sentence in the Defendant's case, which is sufficient, but not greater than necessary, in order to accomplish the goals of sentencing.

                                      Respectfully submitted,

                                      **s/LARRY D. SIMON**
                                      LARRY D. SIMON
                                      Attorney for Defendant, Louis Charlton
                                      Kentucky Home Life Building
                                      239 South Fifth Street, Suite 1700
                                      Louisville, Kentucky 40202-3248
                                      (502) 589-4566

## **CERTIFICATION**

It is certified that a copy of the foregoing was electronically filed through the ECF system which will send electronic notice to counsel of record on this the 23rd day of July, 2017.

/s/LARRY D. SIMON
LARRY D. SIMON

6