**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

vs.                                                                                            Criminal Action No. 3:16-CR-33-DJH

**Electronically Filed**

LOUIS CHARLTON                                                                                                DEFENDANT

**REPLY TO UNITED STATES' RESPONSE TO MOTION**
**FOR FILING OF TRANSCRIPTS UNDER SEAL**
**WITHOUT REDACTION**

Comes the Defendant, LOUIS CHARLTON, by his appointed counsel, and for his Reply to the United States' Response (DN 138) To Motion For Filing Of Transcripts Under Seal Without Redaction (DN 130), states as follows:

1. As previously noted, Defendant filed a Motion to Dismiss the indictment (DN 24; DN 43). The court conducted an evidentiary hearing regarding this issue on August 24, 2017 (DN 46). As part of the record of that proceeding, the United States provided the court with the two recorded statements given by Mr. Charlton to law enforcement officers following his arrest (Government Exhibits #1 and #2). Neither recording was transcribed at the time of the hearing.

2. As previously noted, the transcriptions of these recorded statements were prepared at the request of counsel for the defendant and reviewed by counsel for the United States. Counsel for the United States acknowledged that the final versions of these transcriptions were totally accurate in all respects. Both parties had access to the transcripts at trial for reference purposes.

3. As previously noted, both audiotapes were played for the jury. Counsel has consulted with the court reporter, Dena Legg. The court reporter did not transcribe the tapes when they were played for the jury.

1

4. Fed. R. App. P. 10(b)(2) states:

> Unsupported Finding or Conclusion. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record **a transcript** of all evidence relevant to that finding or conclusion.

5. The Defendant indeed seeks to urge on appeal that certain findings and conclusions are unsupported by the evidence. *See, e.g.*, DN 23, 24, 26 (filed under seal); DN 42-48 (filed under seal.

6. Inasmuch as the tapes both the United States and Defendant played for the jury are not part of the trial transcript, it is absolutely necessary to a fair representation of the record that the transcripts—which the United States had an opportunity to review and in fact reviewed prior to trial—be included as part of the record on appeal. It makes no sense to expect the reviewing court to sit through the audiotapes played for the jury when accurate professional transcripts exist.

7. It beggars belief that the United States, after being specifically asked to review and approve or disapprove of the transcripts, and after having itself played one audiotape to the jury, now objects to the use of the transcripts to complete the record on appeal.

Respectfully submitted,

s/LARRY D. SIMON
LARRY D. SIMON
The Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
(502)589-4566

## **CERTIFICATE**

It is certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record.

/s/LARRY D. SIMON  
LARRY D. SIMON