## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | Criminal Action No. 3:16-CR-33-DJH |
| | **Electronically Filed** |
| LOUIS CHARLTON | DEFENDANT |

### BRIEF IN RESPONSE TO COURT'S ORDER OF AUGUST 24, 2017, REGARDING TRANSCRIPT OF DEFENDANT'S RECORDED STATEMENT

Comes the Defendant, LOUIS CHARLTON, by his appointed counsel, and for his Brief in Response to the Court's Order of August 24, 2017 (DN 143), regarding Defendant's prior Motion for Filing Of Transcripts Under Seal Without Redaction (DN 130), states as follows:

1. The Defendant never argued that this Court denied a request of the Defendant to admit the transcript of the recorded statements. Defendant did not move for the admission of the transcripts of the recordings or make an offer of proof at trial because both recorded statements were admitted without objection and played for the jury at trial. The first recorded statement (of November 17, 2015, Government's Trial Exhibit 8) was introduced by the United States in its case-in-chief. The second recorded statement (of November 20, 2015, Defendant's Trial Exhibit #1) was introduced by the Defendant in his case-in-chief. The recordings thus are of record in the case. However, the recordings were not transcribed by the court reporter at trial.

2. Fed. R. App. P. 10(b)(2) states:

> **Unsupported Finding or Conclusion**. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

3.  The Defendant seeks to urge on appeal that this Court's conclusion in its pretrial Memorandum Opinion and Order that there was no immunity agreement between one or more of the law enforcement officers involved in this case and Defendant Charlton, is unsupported by the evidence (*i.e.,* the recordings). *See, e.g.,* DN 23, 24, 26 (filed under seal); DN 42-48 (filed under seal). The Court reviewed the recorded statements *in camera*, as they were submitted as exhibits by the Government. DN 48, fn. 2.

4.  The court reporter did not transcribe the recordings contemporaneously when they were admitted as evidence and played for the jury at trial. The only transcripts available to complete the record in this case were those prepared by a court reporting company hired by undersigned counsel and compensated by an approved CJA voucher. Counsel for the United States reviewed these transcriptions and acknowledged that the final versions of these transcriptions were totally accurate in all respects. *See* E-mail Exchange, March 20-24, 2017 (Exhibit 1). Both parties had access to the transcripts at trial for reference purposes.

5.  Because the two recorded statements of the Defendant were played for the jury but their contents were omitted from the trial transcript, the record in this case will be incomplete without the addition of the transcripts prepared at the direction of Defendant's counsel.

6.  Fed. R. Crim. P. 49.1(d) allows the filing of transcripts under seal without redaction. The contents of the unredacted recordings is the evidence that the Defendant intends to urge on appeal that supports his claim of error. It is incumbent on the Defendant/Appellant "to include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2).

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
The Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
(502)589-4566

## CERTIFICATE

It is certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record.

/s/LARRY D. SIMON
LARRY D. SIMON