UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                                      CRIMINAL ACTION NO. 3:16CR33-DJH

LOUIS CHARLTON                                                                DEFENDANT

– *Filed Electronically* –

## UNITED STATES' RESPONSE TO COURT'S ORDER (DN 143)

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in response to the Court's Order (DN 143). The Order directed the parties to address two questions: (1) whether the defendant argues that the Court denied admission of the transcript as evidence in the trial of this matter, and (2) if so, whether the defendant sought to preserve the issue by offer of proof. *See* Fed. R. Evid. 103. (DN 143).

The defendant never sought admission of the transcripts at trial. The second question, therefore, is moot.

In his reply to the United States' response on the matter of the transcripts, Charlton raised Fed. R. App. P. 10(b)(2). His reliance is misplaced. Rule 10 does not require a literal transcript of every item reviewed by the District Court. Rather, for appropriate appellate review, a party must insure that the record is complete concerning what the fact-finder relied upon in reaching a conclusion. *See United States v. Bloom*, 661 Fed.Appx. 1001 (11th Cir. 2016)(Defendant claimed that video failed to establish that the victim was awake, and that the district court's reference to "common sense" was simply unsupported speculation. However, the video upon which the court based its finding had not been included as part of the record on appeal. As the appellant, the burden was on Bloom to ensure the record on appeal is complete, which means

bringing before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error. (citations omitted)).

The only criminal case in the Sixth Circuit to address Rule 10(b)(2), *United States v. Bischoff*, 188 F.3d 509 (6th Cir. 1999), reiterated the importance of **transcripts of proceedings** for the purpose of appellate review. (Emphasis added). "Because Bischoff has not provided this court with a transcript of the sentencing hearing, however, it is impossible for us to evaluate his claim." *Id*. At *7. In 2002, the Court of Appeals noted that, "The purpose of these rules is to enable an appellate court to conduct an informed and meaningful review. However, we have not required a transcript or a Rule 10(d) statement where the appellees are neither misled nor prejudiced by the appellant's failure to provide a trial transcript or statement of the case." *McLaurin v. Cole*, 46 Fed.Appx. 802 (6th Cir. 2002)(citation omitted).

In the case at bar, the record is complete as it stands. As referenced above, at no point in time did the triers of fact (the Court during the evidentiary hearing and jury during trial) have access to transcripts. Rather, the recordings themselves – the original evidence – were considered. Additionally, since the recordings were played in open court – there are no grounds to justify filing transcripts under seal. Charlton's motion should be **DENIED**.

          Respectfully submitted,

          JOHN E. KUHN, JR.
          United States Attorney

          /s/ *Jo E. Lawless*
          Jo E. Lawless
          Assistant United States Attorney
          717 West Broadway
          Louisville, Kentucky 40202
          (502) 625-7065
          Fax (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on September 5, 2017.

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney