
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:16-cr-33-DJH

LOUIS CHARLTON,     Defendant.

\* \* \* \* \*

## ORDER

Following a jury trial, Defendant Louis Charlton was convicted of several crimes related to drug trafficking. (Docket No. 26, PageID # 87; D.N. 124) Charlton has filed an appeal (D.N. 140), and he asks the Court to include transcripts in the record on appeal of two recorded conversations that Charlton had with police officers following his arrest. (D.N. 130, PageID # 784–85) Charlton prepared the transcripts at issue, and the United States concedes their accuracy. (D.N. 139, PageID # 810) The Court considered these recordings in ruling on Charlton's motion to dismiss. (D.N. 48, PageID # 290) The recordings were also played for the jury during trial. (*See* D.N. 130, PageID # 784) Transcripts of the recordings were not admitted into evidence, however.[1] Nor were transcripts provided to either the Court or the jury as listening aids. (*Id.*, PageID # 784–85; D.N. 138, PageID # 807) The court reporter did not transcribe the tapes during any of the proceedings in which they were played. (*See* D.N. 139, PageID # 810)

Charlton requests that the Court allow the electronic filing of the unredacted transcripts "so that there will be a complete record of the proceedings" on appeal. (D.N. 130, PageID # 785) The United States opposes Charlton's request, arguing that because the transcripts were not

---

[1] As set forth in the parties' supplemental briefs on Charlton's motion, Charlton did not seek admission of the transcripts at trial. (D.N. 144; D.N. 145)

introduced as evidence or relied upon by the triers of fact, "[t]he record is complete as it stands." (D.N. 138, PageID # 807) The Court agrees.

Charlton relies on Rule 10 of the Federal Rules of Appellate Procedure, which governs what items must be included in the record on appeal. (*See* D.N. 139, PageID # 811) Rule 10 provides:

> (a) **Composition of the Record on Appeal.** The following items constitute the record on appeal:
>
> > (1) the original papers and exhibits filed in the district court;
> >
> > (2) the transcript of proceedings, if any; and
> >
> > (3) a certified copy of the docket entries prepared by the district clerk.
>
> (b) **The Transcript of Proceedings**. . . .
>
> > (2) **Unsupported Finding or Conclusion**. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

Fed. R. App. P. 10. Charlton argues that because he intends to urge on appeal that certain findings and conclusions are unsupported by the evidence, a complete record of the proceedings includes transcripts of the recordings at issue. (D.N. 139, PageID # 811 (citing Fed. R. App. P. 10(b)(2)))

Rule 10 does not aid Charlton, however. Rule 10(b)(2) applies to a transcript "of [the] proceedings." *See* Fed. R. App. P. 10(b)(2); *see also McLaurin v. Cole*, 46 F. App'x 802, 805 (6th Cir. 2002) (discussing Rule 10(b)(2) as a rule that applies to "trial transcripts"). In this case, Charlton has asked the Court to include transcripts of conversations that did not occur during a

court proceeding, and thus Rule 10(b)(2) does not apply. Nor do these transcripts fall under Rule 10(a), which concerns what items constitute the record on appeal. *See* Fed. R. App. P. 10(a). By providing the original recordings as part of the record on appeal, Charlton has satisfied Fed. R. App. P. 10(a)(1).

Moreover, Charlton's concern that "the record in this case will be incomplete without the addition of the transcripts" misses the mark. (*See* D.N. 144, PageID # 821) The Sixth Circuit has noted that "[t]he purpose of [Fed. R. App. P. 10] is to enable an appellate court to conduct an informed and meaningful review." *McLaurin*, 46 F. App'x at 805. Numerous courts of appeals have held that a failure to submit a transcript of a recording relied upon by the trier of fact does not render the record incomplete or hinder meaningful review. *See, e.g.*, *U.S. v. Cannon*, 149 F. App'x 937, 939 (11th Cir. 2005) (finding that the record was complete where tape recordings played at trial, but not transcribed, were included in the record on appeal); *U.S. v. McDonald*, 173 F.3d 430 (6th Cir. 1999) (denying the defendant's claim that the record was incomplete because he was not provided with a transcript of audio recordings played at trial); *U.S. v. McCusker*, 936 F.2d 781, 785 n.4 (5th Cir. 1991) (same); *see also U.S. v. Andiarena*, 823 F.2d 673, 676 (1st Cir. 1987) ("The record on appeal is not flawed due to the absence of transcriptions of [tape recordings played to the jury]."); *U.S. v. Craig*, 573 F.2d 455, 480 (7th Cir. 1977) ("[W]e have the most accurate record of what was heard by the jury, and the fact that the court reporter did not transcribe the contents of the tape recordings in no way impedes our review of the proceedings below."). Here, Charlton has not shown that a failure to submit the transcripts would hinder appellate review. The appellate court will have access to the original recordings, just as this Court and the jury did.

Lastly, appellate courts generally do not consider evidence that was not before the district court. *U.S. v. Murdock*, 398 F.3d 491, 493–94 (6th Cir. 2005); *Reed v. U.S.*, 13 F. App'x 311, 313 (6th Cir. 2001); *see also Adams v. Agrusa*, No. 16-56170, 2017 WL 2839533, at *1 (9th Cir. July 3, 2017); *Treece v. Andrews*, 188 F. App'x 230, 231 (5th Cir. 2006); *Sabin v. Barnhart*, 56 F. App'x 547, 548 (2d Cir. 2003). As explained above, these transcripts were not scrutinized by the Court or presented to the jury. (D.N. 138, PageID # 807) The original recordings that were considered by the Court and the jury are part of the record on appeal. The Court thus finds that the record is complete as it stands. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Charlton's motion to file transcripts under seal (D.N. 130) is **DENIED**.

October 10, 2017

**David J. Hale, Judge**
**United States District Court**