```
 1                     UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF KENTUCKY
 2                         LOUISVILLE DIVISION

 3
      UNITED STATES OF AMERICA,      )     Case No. 3:16-CR-00033-DJH
 4                                   )
              Plaintiff,             )
 5                                   )
         VS.                         )
 6                                   )
      LOUIS CHARLTON,                )
 7                                   )     March 31, 2017
              Defendant.             )     Louisville, Kentucky
 8

 9                            *  *  *  *  *

10             TRANSCRIPT OF JURY INSTRUCTION CONFERENCE
                           AT JURY TRIAL
11                 BEFORE HONORABLE DAVID J. HALE
                    UNITED STATES DISTRICT JUDGE
12
                              *  *  *  *  *
13
      APPEARANCES:
14
      For United States:        Jo E. Lawless
15                              U.S. Attorney's Office
                                717 West Broadway
16                              Louisville, KY 40202

17    For Defendant:            Larry D. Simon
                                239 South Fifth Street, Suite 1700
18                              Louisville, KY 40202

19

20    [Defendant present.]

21

22                      Dena Legg, RDR, CRR, CCR-KY
                          Official Court Reporter
23                        232 U.S. Courthouse
                          Louisville, KY 40202
24                           (502) 625-3778

25    Proceedings recorded by mechanical stenography, transcript
      produced by computer.
```

1          (Proceedings resumed in open court at 9:57 a.m.  Jury out.)

2              THE COURT:  Let's use a bit of the delay to talk about

3      the instructions.  I don't expect you to start making your

4      objections at this point, but what I would like to do is see if

5      we might come up with as efficient a process as possible.

6          As I said when I last mentioned these yesterday, we gave you

7      the draft yesterday morning.  These instructions track the Sixth

8      Circuit Pattern Instructions.

9          What I would like for you to do is, if you can on a break --

10     and we might take 10 minutes now -- but what I'd like for you to

11     do is I would like for you to be able to tell me -- sort of

12     working backwards, if you will, tell me which ones you have no

13     objection to and so we can confine our discussion to the draft

14     instructions that I've provided that there is some either

15     objection or, if not objection, request for edit, whatever.

16         And I will flag one for you.  We typically say that we're

17     going to provide the exhibits to the jury.  We'll need to talk

18     about that here because some of these exhibits that have been

19     admitted are contraband.  They're drugs and guns.  I will not

20     keep the jury from examining those, but I would prefer not to

21     provide a firearm to the jury, an actual physical firearm to the

22     jury or the drugs.  I think the better practice would be to make

23     those available for inspection by them.  The other exhibits that

24     have been admitted include photographs of those same items.

25         So to the extent that the parties can agree on that process,

1    that's fine.  If you can't agree, I'll make a decision as to how

2    we're going to do that.

3        But, otherwise, I would like to know -- rather than simply

4    sit and go through them one at a time, I would rather cut to the

5    chase and find the instructions that either side wishes to make

6    an objection to or request modification of.

7            MS. LAWLESS:  The United States is ready, if you want

8    us to, Your Honor, or do you want to wait?

9            THE COURT:  What about you, Mr. Simon?

10           MR. SIMON:  Sure, I'm ready.

11           THE COURT:  Well, at this stage what I would like to

12   do is just -- if you want to just flag for me the ones that you

13   anticipate having either objections or -- I'll characterize it

14   as suggestions -- and I'll just flag those now.  And then we'll

15   get the jury back in so that you can do your opening and perhaps

16   by then Officer Ruoff will have returned.

17       I'll begin with you, Ms. Lawless.

18           MS. LAWLESS:  Yes, sir.  Thank you.  Your Honor, just

19   from a typographical standpoint, I noticed in several different

20   places it talks about "a crime" in an indictment.  As you know,

21   we have multiple crimes, just to try to keep the language

22   consistent, and it's a second superseding indictment.  And that

23   just comes up throughout the course of the jury instructions.

24       On a little bit more -- find it.  I marked them but --

25           THE COURT:  All right.  You're right as to the very

1    first page, Instruction Number 1.

2            MS. LAWLESS:  Yes.  And then it just kind of -- it

3    continues on.

4            THE COURT:  The third sentence is, "of the crime."

5    We'll change that to "crimes."  All right.  We'll do a broad

6    search of that and we'll change that from the singular to the

7    plural wherever it's appropriate.

8            MS. LAWLESS:  Yes, sir.  On a more substantive basis,

9    with regard to Jury Instruction Number 14, which is on page 17

10   of the draft -- and this is the same request with regard to

11   Instruction 15 and 16 -- it addresses Counts 3, 4, and 5, the

12   possession with intent to distribute.  I believe that we had

13   tendered to the court the Sixth Circuit Pattern Instruction that

14   covers constructive possession because, as we all know,

15   Mr. Charlton wasn't arrested with those items on his person, but

16   they're in his house with access to.  So we would ask the court

17   to include the pattern instruction language that covers

18   constructive possession with regard to Instructions Number 14,

19   15, and 16.

20           THE COURT:  All right.  So are you asking me to add

21   that as a separate instruction or add the language to each of

22   Instructions 14, 15, and 16?

23           MS. LAWLESS:  Whatever your preference is, Your Honor.

24   I noticed that in --

25           THE COURT:  I don't have a preference either way.

```
 1              MS. LAWLESS:  I noticed that in Instruction Number 18,
 2    that the language is there with regard to the possession of a
 3    firearm by a convicted felon.  It's on page 25.  When it -- it
 4    starts with paragraph number two, "Now I'll give you more
 5    detailed instructions and I want to explain something about
 6    possession."  That is the constructive possession.  And,
 7    actually, I think that probably -- if we could use that language
 8    with regard to Counts 3, 4, and 5 as well.
 9              THE COURT:  All right.  So you want to just add that
10    paragraph to Instructions 14, 15, and 16?
11              MS. LAWLESS:  Yes, sir.  It's already in the language.
12    The constructive possession language is already in Instruction
13    Number 17 and 18.
14              THE COURT:  All right.  Actually, three paragraphs
15    there.
16        Mr. Simon, what's your position on that?
17              MR. SIMON:  I'm just trying to compare them and
18    compare them to the Sixth Circuit Pattern Instructions in 14.04
19    for possession.
20              THE COURT:  That might have me reading one, two,
21    three, four, five paragraphs four different times.
22              MS. LAWLESS:  So if you wanted to do just the
23    catch-all, "Let me explain what a possession -- or what
24    possession means" one time, we would not have an objection.
25              THE COURT:  Why don't we do that.  I think my
```

1   preference would be to take those five paragraphs out of

2   Instruction Number 18 and put them into a new Instruction 19,

3   and then 19 and the subsequent instructions would be renumbered

4   beginning with 20.  And that way we would have -- that

5   constructive possession instruction would follow 14, 15, 16, 17,

6   and 18, all of which -- or most of which that instruction would

7   inform.

8               MR. SIMON:  I agree.

9               THE COURT:  Does that make sense?

10              MR. SIMON:  Yes, I agree.

11              MS. LAWLESS:  Yes, sir.

12              THE COURT:  All right.  We'll do it that way.

13       Okay.  What's your next --

14              MS. LAWLESS:  Yes, sir.  With regard to Instruction

15   Number 24 on page 32, I don't -- I'm a little confused by this

16   one about that the defendant made exculpatory statements.

17              THE COURT:  That's just a typographical, I think.  No,

18   it's not.  That's the pattern instruction.

19              MS. LAWLESS:  I don't think there's any evidence that

20   he made exculpatory statements.  So we would ask for that

21   instruction not to be included.

22              MR. SIMON:  No objection.

23              THE COURT:  All right.  We'll take out Instruction

24   Number 24 then without objection.

25              MS. LAWLESS:  And then the last suggestion that the

 1    United States has is, with regard to Instruction Number 25, we

 2    would ask that you add both of the chemists.  There were three

 3    experts actually, Special Agent Hayes and then both of the

 4    chemists from DEA.

 5              THE COURT:  So we'll add the two DEA chemists --

 6              MS. LAWLESS:  Yes, sir.

 7              THE COURT:  -- to Instruction Number 25.

 8              MS. LAWLESS:  Yes, sir, please.

 9              THE COURT:  All right.  Mr. Simon, do you have any

10    objection to that?

11              MR. SIMON:  No, sir.

12              MS. LAWLESS:  That's everything for the United States,

13    Your Honor.

14              THE COURT:  All right.  Mr. Simon.

15              MR. SIMON:  No, I believe that the court's proposed

16    instructions or the draft are consistent with the pattern jury

17    instructions, and as they appear to be, I have no objection.

18       Let me check one thing.

19              THE COURT:  We do have a verdict form, but it's -- as

20    you might imagine, it's just a verdict form that has Counts 1

21    through 7, "guilty" or "not guilty."

22              MS. LAWLESS:  I do have one question, Your Honor.  Do

23    you send a copy of the indictment back with the jury?

24              THE COURT:  I have.

25              MS. LAWLESS:  We would just ask that the penalty pages

1   be removed.  They're not really part of the charging document.

2   It's a notice aspect with regard to that.

3         THE COURT:  That's how I've done it when I've done it.

4      Is there any objection to that process or that procedure,

5   Mr. Simon?

6         MR. SIMON:  In sending the indictment back?

7         THE COURT:  Yes.

8         MR. SIMON:  Yeah, Judge, I'd say I understand your

9   instructions specifically advise the jury that the indictment is

10  only a charging document, but I would object just on the

11  standpoint that the court's instructions as drafted set out the

12  elements of the offenses.  And I think it would be more

13  appropriate that they see what they have to prove one time, as

14  opposed to making comparisons.  That's just my opinion on that.

15        THE COURT:  Well, I think that -- I think it can be a

16  close call in some cases.  I think in this case I don't see any

17  prejudice at all to the defendant, because it is true that the

18  elements are obviously set out in the instructions.  But I think

19  that it's -- I think it's helpful to be able to see the charge

20  and understand -- sort of connect the dots between the charge

21  and the elements.  I think it actually would aid the jury in

22  their deliberations.

23     So I don't think there's any prejudice at all to the

24  defendant in sending the second superseding indictment back with

25  the jury.  So I'll keep an open mind.  We might revisit that

1    again when we finalize these instructions.  I'll give you a

2    final copy of it, and we'll have at least one more discussion

3    before the instructions are given.

4        But I think my preference here would be to have the

5    indictment go back with the jury.  I think it would allow them

6    to connect the dots between the charge and the elements.  I

7    think it's just a point of clarification.  I think it's nothing

8    more than that.  I don't think it's prejudicial in light of the

9    instructions that I've already given and that I will give about

10   the indictment is nothing more than a charge.

11             MR. SIMON:  That's fine.  Judge, continuing on,

12   Instruction 17, which is the instruction for Count 6 in the

13   indictment, Count 6 in the indictment actually alleges that my

14   client had in his possession with intent to further the drug

15   trafficking crime two firearms, as opposed to one.  And as the

16   Government and the court is aware, the penalties for two guns,

17   not that that's a jury consideration, but if there's a finding

18   of possessing two guns, there's a significant difference in

19   potential penalties.

20       So I would propose an instruction that would allow the jury

21   to find whether or not the defendant was in possession of any

22   gun in furtherance of a drug trafficking crime, or whether he

23   was in possession of one gun, or whether he was in possession of

24   two guns and set out in detail a description of the guns in each

25   of those instructions.

1          MS. LAWLESS:  May I respond, Your Honor?  I'm sorry.

2     That's not an accurate statement of the law.  How many guns he

3     was in possession of or had access to with regard to Counts 3,

4     4, and 5 is irrelevant from a penalty perspective, and the jury

5     can decide if he had access to one or two.  As long as they find

6     that he has access to one, that's enough to violate the statute.

7     But fact that there may be multiple firearms involved as charged

8     in Count 6 doesn't have any effect at all on the sentencing, the

9     statutory sentencing structure.

10        The mandatory 25-year consecutive sentence if he is

11    convicted of Count 6 comes into play if he's convicted of Count

12    2.  Count 2 carries, because it's the initial incident, the

13    five-year mandatory minimum.  If he's convicted of Count 6, that

14    is a later event, which would be considered a second or

15    successive.  That's what triggers the mandatory 25 on top, not

16    the number of firearms.

17          THE COURT:  I think that's right.  Is there -- did you

18    submit a draft instruction that would incorporate the

19    suggestion --

20          MR. SIMON:  No, sir.

21          THE COURT:  -- that you just made?

22          MR. SIMON:  That's just the suggestion.

23          THE COURT:  If you want to submit something for me to

24    look at, I will.  Otherwise, I would probably just overrule that

25    objection and stick with the pattern instruction, which I think

1    is consistent with the law that governs 924(c) charges, which

2    are at issue here in Counts 2 and 6.

3        As I said, when we give you back the instructions that

4    incorporate the changes we're talking about now, we'll include a

5    verdict form.

6        Also, let's talk for a second about the timing of the

7    instructions.  My practice, which is in part borne out of my

8    experience behind those tables that you now occupy, is to give

9    the instructions in advance of closing arguments or at least

10   most of them.  Sometimes I reserve the last couple of

11   instructions that talk about process, but I think it's better

12   for the lawyers to address a jury that's been instructed on the

13   law.  I think it's more meaningful for you, if you have to

14   address the elements and so forth in your closing statements,

15   but I also typically ask the lawyers if they have any strong

16   views on that.  I think that's entirely in my discretion, but if

17   both of you were to agree otherwise, I might consider a

18   different approach.

19           MR. SIMON:  No, I agree with that.  I would prefer

20   that the jury be read and given a copy of the instructions

21   they --

22           THE COURT:  We supply a single copy of the jury

23   instructions.  They go back with the jury along with the

24   indictment and the exhibits.

25           MS. LAWLESS:  We have no objection to that process,

1    Your Honor.

2            THE COURT:  All right.  Well, we'll make the agreed

3    upon changes.  And, Mr. Simon, if you want to submit anything

4    further -- I know it would be difficult for you to do that at

5    this point, but if you have anything else you want to submit,

6    you can certainly do that.

7         You want to check on our -- the status of our witness?

8            MS. STINSON:  He's here.

9            THE COURT:  All right.  So are you ready to proceed

10   with opening?

11           MR. SIMON:  Yes.

12           THE COURT:  And then you'll go right to --

13           MR. SIMON:  Right.

14           THE COURT:  -- Mr. Ruoff?

15           MR. SIMON:  Detective Ruoff.

16           THE COURT:  Or Ruoff, I'm sorry.  Remind me how long

17   that --

18           MR. SIMON:  About an hour and 15 minutes.

19           THE COURT:  Okay.  I think what we'll do -- at what

20   point in his testimony do you -- do you intend to play it early

21   or --

22           MR. SIMON:  Early.

23           THE COURT:  All right.  Because I think we'll need to

24   take another break and break that -- would you prefer to break

25   the recording up or would you prefer to -- well, do you know how

1    long your opening is going to be?

2            MR. SIMON:  Very brief.

3            THE COURT:  I'm just trying to think through when an

4    appropriate stopping point would be, because that is a long

5    interview.

6            MR. SIMON:  It's a long stretch and there really isn't

7    a pause in there.

8            THE COURT:  Other than using him to get the interview

9    in, do you have a lot of questions for him?  Do you

10   anticipate --

11           MR. SIMON:  No.

12           THE COURT:  All right.

13           MR. SIMON:  So if you want to -- for the purposes of

14   what we're doing, let me get going on it very quickly on his

15   direct.  And, obviously, we would take a break after that and

16   then most of the questions that I would ask him would come

17   after -- I think I could present it that way and --

18           THE COURT:  We'll see how the jury's doing, because

19   it's 10:15 now.  If you take -- if we get the jury in here in

20   five minutes, and you take 15 minutes for opening, and we go an

21   hour and 15, that's going to put us right before noon.  So we

22   might just -- rather than make -- rather than make the witness

23   come back again, we might just try and finish up with him.  I

24   might ask the jury if they're okay to continue before the lunch

25   break.

1          MR. SIMON:  I was going to --

2          THE COURT:  We can then use the lunch break to

3     finalize our instructions.  And then when they come back, if

4     you're finished at that point, we can take up your renewed -- I

5     assume you'll make a renewed Rule 29 motion at that point, and

6     then we'll take that up.  And assuming we go forward, then we

7     can go right into instructions and maybe the jury could get the

8     case by 1:30 or 2:00.

9          MR. SIMON:  Okay.  I have no objection, if it seems

10    better, if the court wants to -- prior to me starting the

11    recording, if the court wants to let the jury know that if

12    they're sitting for such a period of time, all somebody has to

13    do is raise their hand.  I don't feel comfortable in telling the

14    jury that, but I have no objection to the court saying, "If you

15    need to take a break, we can stop this.  This is a fairly long,

16    you know, audio recording."

17         THE COURT:  Well, that's consistent with what I've

18    already told them.  So I'll remind them of that and tell them

19    that if anybody needs a break, we'll pause during the recording.

20    But I'll wait until you get to that point, until you've laid

21    your foundation with Detective Ruoff.

22         MR. SIMON:  Very good.

23         THE COURT:  All right.  I think we're ready for the

24    jury.

25         Let me -- while Mike's getting them lined up, let me step

1    down for just one -- actually, one or two minutes so I can get

2    this -- these revisions to the instructions in order.

3         (Recess at 10:19 a.m. until 10:21 a.m.)

4         (Transcript of defendant's opening statement previously

5    filed.)

6         (Transcript of testimony of DETECTIVE JEREMY RUOFF

7    previously filed.)

8              THE COURT:  You may call your next witness, Mr. Simon.

9              MR. SIMON:  Thank you, Judge, if I could have a

10   moment.

11        (Mr. Simon conferring with defendant off the record.)

12             MR. SIMON:  Judge, at this time the defense closes.

13             MS. LAWLESS:  Your Honor, we have no rebuttal.

14             THE COURT:  All right.  Thank you.

15        Members of the jury, this concludes the testimonial portion

16   of the trial, and so I'm going to break now for a brief lunch

17   break.  This will give the lawyers and me an opportunity to

18   prepare for the closing statements as well as the other

19   activities that take place towards the close of a trial.

20        So it is 12:30.  I'm going to ask you to, if you could, be

21   ready to come back into the courtroom at five past 1:00.  And we

22   will do our best to be ready for you at that time.

23        Remember my ongoing admonition not to discuss the case.

24   Now, it's getting very close to when you will get the case, but

25   you're not there yet.  You still have arguments to hear and you

1   still have instructions from me to hear.  So please do not

2   discuss the case among yourselves or with anyone else.  Thank

3   you.

4       (Jury out 12:32 p.m.)

5           MR. SIMON:  Judge, at this time I would renew my

6   motion for a judgment of acquittal pursuant to Rule 29 in light

7   of the defense evidence in this case.

8           MS. LAWLESS:  Your Honor, we would stand on our prior

9   response.

10          THE COURT:  All right.  I'm going to deny the motion

11  at this time for the reasons stated previously.  Those reasons

12  remain unchanged.

13     All right.  So let's talk a minute about closing arguments.

14  We will go with the United States, defendant, United States.

15     Do you have in mind how much time you would like to reserve?

16  I'm not going to have a stopwatch on you-all, but I would hope

17  that we -- given the length of the trial, the amount of evidence

18  that the jury's heard, I'm thinking the 20- to 30-minute range

19  is probably sufficient.  Again, I'm not going to have a red

20  light flashing on the podium for you.  But for planning

21  purposes, if we could all be on the same page in that ball park,

22  I think it would be helpful.

23          MR. SIMON:  That's agreeable to me, 20 to 30 minutes.

24          MS. LAWLESS:  I might ask for five minutes of

25  rebuttal.  I don't really know exactly how long the opening was.

1    It's going to be fairly close to that, but my rebuttal I think

2    will be very brief.

3           THE COURT:  I didn't go back and look either.  So then

4    it sounds like we're all on the same page.

5       Let's see.  What else do we need to do with respect to the

6    instructions?

7           MR. SIMON:  Well, I was handed them.  I just didn't

8    have a chance to go through them, but based upon -- you know, if

9    they reflect the changes that we discussed, then --

10          THE COURT:  They do.  Why don't we do this, rather

11   than have you leaf through them while I'm here:  Let me give you

12   15 minutes to -- I know you're going to want to collect your

13   thoughts for the closing arguments as well as the instructions,

14   15 or 20 minutes.  I'll pop back in and we can, without -- with

15   the jury outside of the courtroom, we can further discuss the

16   instructions, to the extent we need to.

17      And then I think I had also mentioned to you that I would

18   like to see if we could reach agreement on how to handle the

19   exhibits, to the extent that we can.  My preference would be to

20   inform the jury that all of the exhibits, save for the firearms

21   and the drugs, will be taken back with them, but the firearms

22   and drugs will be available for their inspection if they choose

23   to do that.  But I am not wedded to that format.

24      So if you-all reach agreement on another approach or if

25   there's another suggestion, it doesn't matter to me that much.

1  It's just I think our practice here has been not to have -- even

2  disabled firearms, not to have those or drug materials --

3          MR. SIMON:  I have no objection.

4          THE COURT:  Unless the jury asks for it.

5          MR. SIMON:  I have no objection to that, Judge.

6          THE COURT:  It is certainly within their prerogative

7  to ask for it.  And if they do, we will make it available.

8          MS. LAWLESS:  The United States has no objection to

9  that approach either.

10         THE COURT:  We will alter the -- actually, I'll

11 probably -- as you-all know, we have some procedural

12 instructions that follow the formal instructions at the very end

13 where I repeat the instructions about not using the internet or

14 talking to anybody during their deliberations, and we talk a

15 little bit about picking the foreperson and how they're to

16 communicate with us.  I'll just add in there that you will have

17 all of the exhibits with you except for those, and those will be

18 available for you if you ask for them.

19    Is there a preferred reference to the drugs?  I'm happy to

20 refer to them --

21         MS. LAWLESS:  I don't mind if you say "drugs."

22         THE COURT:  -- "alleged drugs," Mr. Simon, however --

23         MR. SIMON:  Uh-huh, that's fine.

24         THE COURT:  They do have to make a finding and they've

25 heard plenty of evidence on it, but that's what we'll do.

1          All right.  Anything else by way of questions or --

2               MS. LAWLESS:  No, sir.

3               THE COURT:  -- issues that you-all would like to talk

4     about before I give you some time?  All right.

5               MR. SIMON:  Nothing further.

6               THE COURT:  I'm sorry?

7               MR. SIMON:  I have nothing further.

8               THE COURT:  I'll see you in a few minutes then.

9          (Transcript of excerpt previously filed as Document 156.)

10         (Recess at 12:39 p.m. until 1:08 p.m.)

11              THE COURT:  Let's return to our discussion regarding

12    the instructions.  I want to draw your attention to -- I believe

13    it's Instruction Number 27, which is on page 33.  The last

14    paragraph there incorporates the agreement we discussed right

15    before the break regarding the firearms and alleged drugs.

16         So it reads, "With the exception of the firearms or alleged

17    drugs, the exhibits that were admitted in evidence will be

18    provided to you.  If you want to see any of the firearms or

19    alleged drugs that were admitted into evidence, you may send me

20    a message and those exhibits will be provided to you."

21         All right.  Any comment or objection as to that change?

22              MS. LAWLESS:  No, sir.

23              MR. SIMON:  No.

24              THE COURT:  Anything else that you-all picked up on by

25    way of typographical error or substantive error that needs to be

1    addressed?

2          MS. LAWLESS:  Your Honor, maybe I don't -- maybe I'm

3    not seeing it, but Instruction Number 25, page 31, the United

4    States had asked that the chemists be added.

5          THE COURT:  Actually, I think we added those to

6    Instruction 26.  They were hybrid witnesses, were they not?

7          MR. SIMON:  You added both of them in 26.

8          THE COURT:  Did we not consider them to have testified

9    regarding facts as well as opinion?

10         MS. LAWLESS:  Not -- no, no, but I don't mind them

11   being there either.

12         THE COURT:  Mr. Simon, do you have a preference one

13   way or the other?

14         MR. SIMON:  To have it separate as to each or to

15   combine them?

16         THE COURT:  No, they're combined.  Twenty-five is the

17   purely opinion testimony of David Hayes.  Twenty-six covers the

18   hybrid testimony of Brad Leveritt, Krefft, and Holbrook.

19         MR. SIMON:  All right.  I have no objection.

20         THE COURT:  All right.  You're comfortable with that?

21         MS. LAWLESS:  I think it's fine, Your Honor.

22         THE COURT:  All right.  Okay.  Anything else?

23         MR. SIMON:  No, sir.

24         THE COURT:  I typically have a couple of concluding

25   remarks that are not in the form of formal instructions that

1    simply says -- it will be along these lines:  You will now

2    retire to deliberate.  You will have the exhibits, the

3    indictment, the instructions, and the verdict form.  Do not

4    consult any other sources, which I will have instructed them on

5    formally.

6        I typically say, "You've heard me say throughout the case

7    not to discuss this case.  Now you are to deliberate.  But until

8    you reach a verdict, you're not to discuss the case with anyone

9    other than your fellow jurors.  If you have a question" -- I

10   tell them again, remind them about the foreperson should write

11   the question on a piece of paper, sign it, and give it to the

12   CSO.

13       If they're getting the case and we think food may be an

14   issue, right before lunch -- that's not at issue now -- or near

15   the dinner hour, I will include that.  I don't think we're going

16   to need to do that here, but we can.

17       And then I tell them again, if they -- when they have a

18   verdict, that they should give a signed note -- or a note signed

19   by the foreperson to the CSO.

20       I typically -- also, as I said, I will instruct before your

21   closing.  And I typically will go through and save -- so in this

22   case, I would read them through Instruction Number 29 before

23   closings and then after closings would read the balance.

24   Instruction Number 30 begins, "Now that all the evidence is in

25   and the arguments are completed...."  So that's typically how I

1   break those up.

2       All right.  Any further questions?  You have seen the

3   verdict form?

4           MS. LAWLESS:  Yes, sir.  No objections, no questions.

5           THE COURT:  Anything further, Mr. Simon?

6           MR. SIMON:  No, sir.

7       (End of transcript.)

8               C E R T I F I C A T E

9       I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

10  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

11

12

        s/Dena Legg                      January 26, 2018
13  Certified Court Reporter No. 20042A157      Date
    Official Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25